By the Court. Sandford, J.
The defendants attorned to the plaintiff, after the lessor conveyed to him, and he is clearly entitled to receive the rent which became due on the first of May, 1847, unless the defendants have shown that his title was divested before that day. It is claimed that this is shown by the foreclosure and the master’s deed. It is not supposed that the decree of foreclosure, or even the master’s sale, affected the legal title; and the master’s deed was not delivered, until the fifth day of May. Nor is this the whole difficulty in the defendant’s point. The decree, the sale, and the deed, all combined, did not affect the plaintiff’s title in the least; because he was not made a party to the foreclosure suit. (Watson v. *447 Spence, 20 Wend. 260.) It is only because the mater’s deed was recorded, and the plaintiff’s was not, that the former operated to divest his title. Therefore, looking at the facts as they existed when the price was paid by Mr. Mills and the deed delivered, there was no reason whatever to prevent the plaintiff from collecting this rent. His right to it was as perfect as it was to any other thing .in action in his hands overdue. At the end of the next quarter, it is true, the tenants could have successfully resisted his right to recover the rent, not because the decree and sale affected him, but because during the quarter, the recording of Mr. Mills’ deed made his unrecorded deed void as against the former.
The plaintiff’s right was cut off by the recording of the master’s deed. All that went before, failed to have that effect. The deed was perfect, and as operative as the decree could make it, upon its delivery by the master; yet up to that stage of it, the plaintiff’s legal title had not been touched. The act of recording the master’s deed, which had the effect to give Mr. Mills the better title, derives its force solely from the recording act, which has no relation back to divest rights of action accrued to the owner holding by the unrecorded deed. For example, if the plaintiff, on the second of May, had commenced an action of trespass for injuries done on the preceding day to the freehold of these premises, it would have been no defence on the trial, that on the fifth of May, Mr. Mills had received a deed from a former owner, which he had placed on record, and the plaintiff’s deed never having been recorded, his title was divested in favor of Mr. Mills.
Although the recording act makes an unrecorded conveyance void against a subsequent purchaser in good faith for value, whose deed is recorded first; it does not avoid the former as of a time prior to the execution of the latter. It does not transfer to such subsequent purchaser, rights in respect of the property against third persons, which were vested in the owner holding under the unrecorded deed, prior to the execution of the subsequent conveyance.
The defendants insist that the equity of Mr. Mills was superior to that of the plaintiff, and therefore the recording should *448 have effect by relation, to the date of the master’s sale. We do not perceive that there is any such superior equity. The plaintiff was the owner of the equity of redemption, and was compelled to pay interest on the mortgage debt until the entire purchase money was paid in by Mills on the fifth of May; or which is the same thing, such interest was taken out of the proceeds of the sale, the surplus of which presumptively belonged . to the plaintiff. On the other hand, Mr. Mills could at any time have withdrawn from his bid, on account of the defect of parties in the foreclosure; he did not elect to complete his purchase until the fourth of May; and he did not pay the price till the fifth. .
• It was argued with great ingenuity, that the master’s deed related back to the sale by which the contract of purchase was made, and in equity dates from the agreement to purchase. If this were conceded, it might fall short of reaching the legal title, which is alone in question in the action for use and occupation. But we think the proposition cannot be maintained.
- The bid at the sale, its acceptance by the master, and the payment of the ten per cent., wrought no change in the title, even in equity. The ten per cent, was a mere security for the good faith of the bid, and it would have been refunded, if the purchaser had refused to complete, on account of the defect in the proceedings. His purchase was entirely inchoate and defeasible, until the acceptance of the title on his part, and the confirmation of the report of sale on the part of the court. (See Brown v. Frost, 10 Paige, 247.) The contract was not complete as to the purchaser himself, until he paid the whole price. If he had paid the price on the 20th of April, the day fixed for that purpose in the terms of sale, he would from that time have been the equitable owner of the premises, and as against the parties to the foreclosure, might have intercepted the rents falling due afterwards. But to do this, he would have required an order of the court of chancery, operating upon the parties in the suit.
As he did not pay till the fifth of May, we think he cannot, even in equity, be. deemed the purchaser as of a date prior to the time when he was bound to complete his purchase. The. *449 rule in the English court of chancery is, that the purchaser is entitled to rents from the quarter day next prior to his payment of the purchase money. (Hoffman’s Master’s Pr. 231; 2 Dan. Ch. Pr. 913 ; and the cases cited.) And it makes no difference that the money has been ready from the time the premises were struck off, and has been lying unproductive. (Barker v. Harper, Cooper’s Rep. 32; 1 Barb. Ch. Pr. 530; 2 Smith’s Ch. Pr. 177.)
In the case of the sheriff’s deed, cited by the defendants, the seizure and sale of the land does not divest the title of the debtor. The payment of the purchase money and the deed must concur; and there is no case where the doctrine of relation, in respect of such deeds, has been extended back to a period anterior to such payment. Catlin v. Jackson, ex dem. Gratz, 8 Johns. 520, 550; Lathrop v. Ferguson, 22 Wend. 116.) In the case last cited, Cowen, J., says, the whole doctrine is a fiction, to prevent fraud; and if a person neither having, nor assuming to exercise, any control in preventing the performance of the contract or sale, acquire a legal and executed right, which is prior in time, he is deemed prior in law and equity, and entitled to hold without prejudice from the fiction.
Again, if there were any relation to the time of sale, or the day fixed for completion, such relation was perfect when the price was paid, the master’s deed delivered, and the sale confirmed. Yet stopping there, Mr. Mills would,not have been able to obtain possession of the premises from the plaintiff and his tenants, much less to divest the rent due to the plaintiff. It was the recording of his deed alone, that enabled him to obtain possession.
These considerations are conclusive against giving to the master’s deed the retrospective operation claimed for it, and the plaintiff is entitled to judgment.
Judgment for plaintiff.