## SUPREME COURT.

### WARD AND WARD agt. DEWEY.

To entitle plaintiff to a temporary injunction, under § 219 of the Code, he must make a case, showing that the act complained of will *not only produce an injury to him, but that he is entitled to final relief by a perpetual injunction.* (*This agrees with Woodworth agt. Lyon,* 5 How. Pr. R. 463; *Corning agt. Nail Factory,* 6 *id.* 89; *and is adverse to Cure agt. Crawford,* 5 How. Pr. R.. 293. See also Perkins agt. Warren, 6 How. Pr. R. 341: Malcolm agt. Miller, id. 456.)

A mortgage, judgment of foreclosure, and a sale under the judgment, with a deed to the purchaser, all combined, can not affect the title of one who was not a party to the mortgage nor to the foreclosure suit.

Where one tenant in common executes a mortgage upon the whole farm held in common, without any description restricting its effect to the share of the mortgagor, the mortgage, judgment of foreclosure thereon, the sale and the deed thereon to the purchaser can not divest the title of his co-tenant. The purchaser under the foreclosure sale only obtains the same right, title and interest which the mortgagor had in the mortgaged premises, at the time of executing the mortgage

It is the settled law of the courts of equity to deny relief to a party seeking the aid of the court to remove a *supposed cloud* upon his title, whenever it is apparent, upon the face of the proceedings from which the cloud or adverse claim is derived, that the law adjudges such claim to be ineffectual.

Where a temporary injunction is granted to restrain a sale under a judgment of foreclosure, on the ground that the sale of the share or interest of the plaintiff who was neither a party to the mortgage, nor to the foreclosure suit, will be injurious to the plaintiff's title, the injunction will be dissolved, because the mortgage, judgment and sale can neither affect nor create a cloud upon the plaintiff's title.

*At Chambers, Cooperstown, July* 28, 1852. *Motion founded upon the complaint alone to dissolve a temporary injunction.* The injunction was granted by Justice WATSON, on the 8th of the same month to restrain the defendant from selling a farm upon an advertisement of sale under a judgment in an action brought for the foreclosure of a mortgage which was executed by the mother and brother of the plaintiffs, in the spring of 1850, to secure the payment of $2600, and the interest. Neither of the plaintiffs executed the mortgage, nor were they made parties to the foreclosure suit. It was alleged in the complaint that the

plaintiffs, as devisees of their father, who died in 1837, were the owners in fee of an undivided half of the farm, but the mortgage *purported to cover the whole* farm, and therefore the mortgage and judgment was a *cloud* upon their title.

JAMES E. DEWEY, *for the Motion.*

LYMAN TREMAIN, *Opposed.*

CRIPPEN, Justice.—The injunction was granted upon the complaint in this action, duly verified by the oath of Cornelius S. Ward, one of the plaintiffs. The plaintiffs allege in their complaint that Samuel Ward died on the 11th day of March 1837, seized in fee of a farm of land containing about one hundred and eighty and a half acres, leaving Eleanor Ward, his widow, and the plaintiffs, together with Chapman S. Ward and Polly Ward, his only children and heirs at law; that said Samuel Ward duly devised all of his real estate to his four children equally.

In the spring of 1850 the said Eleanor Ward and Chapman S. Ward executed and delivered to the defendant a mortgage covering the whole of said farm, to secure the payment of $2600 and interest; that the plaintiffs were both minors at the time of the giving of the mortgage as aforesaid. The complaint also alleges that the defendant has caused notice of the sale of said farm to be published in a newspaper in the county of Schoharie, and has posted up such notice at several public places in the town of Jefferson in said county, setting forth that said farm would be sold by virtue of a judgment of foreclosure, recovered on said mortgage against Eleanor Ward and Chapman S. Ward at a time and place specified in said notice and describing said farm therein as being in possession of said Eleanor Ward and Chapman S. Ward. The plaintiffs also allege that the defendant threatens to sell the whole of said farm according to said notice as they are informed and believe; that said mortgage and judgment are a cloud upon the title of the plaintiffs to their undivided half of said farm, and in case the defendant is permitted to sell the farm pursuant to said judgment and notice, such sale and the deed executed thereon will be injurious to the plaintiffs' title. The plaintiffs also allege that they have requested the defendant not to sell the half of said farm devised to them by the

said Samuel Ward, deceased, but that said defendant insists upon selling in conformity to his said notice of sale, and refuses to comply with the requests of the plaintiffs in that behalf.

The complaint prays for a temporary injunction restraining the sale of said farm pursuant to said judgment and notice of sale, and for a judgment in said action perpetually restraining the sale of that portion of said farm devised to the said plaintiffs, and also that the mortgage and judgment of foreclosure may be set aside so far as relates to the half of said farm belonging to the plaintiffs.

The plaintiffs obtained a temporary injunction upon said complaint on the 8th day of July 1852, and the defendant now moves to vacate said injunction upon the ground that the mortgage executed by Eleanor and Chapman S. Ward, and the judgment of foreclosure recovered thereon, *do not create a cloud* at law or in equity upon the plaintiff's title to the one-half of said farm.

Although the mortgage describes the whole farm, and purports to be a lien thereon; yet in as much as it is only executed by Eleanor and Chapman S. Ward, and not by the plaintiffs, or either of them, their undivided half of said farm is entirely unaffected by said mortgage and the judgment of foreclosure recovered thereon.

In order to entitle the plaintiffs to a temporary injunction they must make a case, showing that the act complained of will not only produce an injury to said plaintiffs but that they are entitled to *final relief by a perpetual injunction*, as prayed for in the complaint (6 *How. Pr. R.* 89, 92–3; *id.* 341).

It should be recollected that the mortgage described in the complaint is only executed by Eleanor and Chapman S. Ward; that the plaintiffs in this action are neither parties to said mortgage, or to the judgment of foreclosure recovered thereon. It follows, therefore, that the mortgage and judgment are a nullity and can have no force or effect *as against* the plaintiffs in this action. The mortgage, the judgment thereon and a sale under said judgment with a deed to the purchaser, all combined, can not affect the plaintiffs' title in the least, because they were not parties to the mortgage or to the foreclosure suit thereon (*Strong vs. Dollner*, 2 *Sandf.* 444; *Watson vs. Spence*, 20 *Wend.* 260;

*Denton vs. Nanny et al.,* 8 *Barb. S. C. Rep.* 618). A deed upon the sale under the judgment of foreclosure will have the same effect as a deed from the mortgagors conveying their equity of redemption to the purchasers, and no greater, and is only a lien against such persons as were parties to the foreclosure suit.

The purchaser is invested with the title of the mortgagors and nothing more; if they had a fee in one half of the farm at the time of giving the mortgage, the purchaser under the foreclosure sale obtains that title. If the plaintiffs in this action were tenants in common with the mortgagors owning a moiety or other share, or interest in said farm, such interest or share will remain unaffected by a sale under the mortgage or judgment of foreclosure as alleged in the complaint. It appears to be the settled law in courts of equity to deny relief to a party seeking the aid of the court to remove a supposed cloud upon his title, when upon the face of the proceedings from which the cloud or adverse claim is derived, it is clear that the law adjudges such claim to be void and ineffectual. I can not resist the conclusion that the complaint in this action very clearly shows that a purchaser under the foreclosure sale, through which he can alone claim his title to said farm, only obtains a title to so much of said farm as belonged to the mortgagors at the time of executing the mortgage to the defendant. The complaint on its face alleges that the plaintiffs are the devisees and owners of one half of the farm under the will of their father. The mortgage executed by the widow and another devisee of the testator, describing the whole farm, can not divest the plaintiffs of their share or right in said farm. This being the obvious and undoubted legal result, as is manifest from the facts alleged in the complaint, I have no doubt that the preliminary injunction should be dissolved (2 *Comst. R.* 118; 3 *Barb. R.* 487, *and cases there referred to*).

The motion to dissolve the preliminary injunction is therefore granted, with $10 costs of motion.