## SUPREME COURT.

### HULCE agt. THOMPSON.

A *temporary injunction* cannot be granted to restrain the doing of acts in relation to property, in respect to which acts or property, no *final judgment* is prayed.

Therefore *held*, that where the plaintiff demanded judgment of possession of a portion of the premises, (house and door-yard,) he could not have a temporary injunction, restraining trespasses by the defendant, upon the remainder of the farm, which plaintiff claimed to be in his possession, and as to which no relief or judgment was prayed, except such temporary injunction.

*Ithaca Special Term, Aug.,* 1853.—*Motion to dissolve injunction.*

WHEELER & MORE, *for Motion.*
HOTCHKISS & SEYMOUR, *Contra.*

SHANKLAND, Justice.—The affidavits to resist the motion to dissolve the injunction order, on the merits, are sufficient for that purpose.

On the other part of this motion there is more doubt. The complaint demands judgment for possession of the house and door-yard, of which defendant had possession, as tenant of plaintiff, at will, or by sufferance, "and that the defendant may be, *in the meantime,* restrained from entering upon said farm, (the house and door-yard excepted,) or in any manner interfering with the grass, crops, fruit or any thing growing upon said farm, and the fences and buildings upon said farm, and the hay now cut thereon, and from doing any other injury to said farm, and that the defendant pay the costs of this action, and for such other or further judgment or relief as the court shall see fit to grant in the premises."

The defendant's motion rests on the ground that the portion of the farm leased to defendant, and the other portion not leased, and on which the trespasses are charged to have been committed, are, for the purposes of this question, to be viewed as separate and distinct closes; and in as much as the plaintiff asks for no relief as to the latter, except the temporary injunc-

tion, the order is inapplicable, because no ultimate judgment or relief is prayed for as to that portion of the farm. That the facts set up in the complaint are sufficient to have warranted a prayer for judgment for damages, and for a perpetual injunction if prayed for, cannot be denied.

The question is, is the plaintiff precluded from such judgment for relief by the omission in his complaint? Section 142, in giving the requisites of the complaint, prescribes that it contain a plain and concise statement of the facts constituting a cause of action, and a demand of the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated.

Section 275 enacts, " The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case, the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue."

In this case no answer appears to have been put in as yet, and of course, no issues formed.

This motion must therefore be decided on the facts contained in the complaint, in connection with the prayer for judgment.

The plaintiff claims that he is in possession of the *farm*, and not the defendant; that the acts of the defendant are mere trespasses. He therefore prays for no judgment for possession of the farm, nor does he pray for a perpetual injunction, nor for possession of the hay and grass, nor for any damages whatever.

But I infer he does not want any judgment for damages, because the defendant is alleged to be poor, and any judgment, utterly worthless, which may be obtained against him; so far as the farm is concerned, (aside from the house and door-yard,) all the plaintiff prays for is a temporary injunction.

I hold that a temporary injunction cannot be granted to restrain the doing of acts in relation to property, in respect to which acts or property no final judgment is prayed. If the party chose to waive judgment for damages, or for the possession of the personal property, he, at least, should have prayed

Hulce agt. Thompson

for judgment for a perpetual injunction, and then he could have also asked for a temporary order of injunction, in the meantime. The prayer for possession of the house and door-yard presents a distinct cause of action, and has nothing to do with trespass to other and distinct portions of the plaintiff's farm, in his own possession.

The plaintiff must show himself entitled to final relief by injunction, to entitle himself to a temporary injunction, when an injunction is the only relief prayed for. (6 *How. Pr. R.* 89; 7 *How. Pr. R.* 17.)

The question whether the plaintiff has joined two inconsistent causes of action in his complaint, is not raised on this motion.

I am of opinion the injunction order must be vacated, for the reasons above given, with ten dollars costs of this motion, but with leave to the plaintiff to amend the prayer of judgment in his complaint, provided he does it in ten days after service, upon his attorneys, of notice of this decision, and pays the defendant's attorneys ten dollars costs, as aforesaid; and in case the plaintiff amends, as aforesaid, then the injunction order to stand subject to any future motion to dissolve same.

The injunction order is to stand till the expiration of the time hereby given to plaintiff to amend his prayer, viz: ten days after notice of the rule hereby granted.