## SUPREME COURT.

In the Matter of the Petition of LOYAL S. POND for a Writ of *Mandamus*, to be directed to FERNANDO WOOD, Mayor, &c.

A *mandamus* should not issue, except when it is necessary to enforce the rights of the party seeking its aid, and in that class of cases only, where no other adequate remedy exists.

The powers of another tribunal should not be invoked, unless the court having original jurisdiction should, from want of proper authority, be unable to enforce its own orders or decrees.

If an order made by the superior court, directing the comptroller to procure a warrant to be countersigned by the mayor, was one which the mayor himself was bound to obey, such order can be promptly enforced by the superior court, or the justice by whom it was made.

A mandamus by this court to compel obedience to such order, would be altogether improper.

*New-York Special Term, Aug.,* 1855.

APPLICATION by Loyal S. Pond for a mandamus, &c.

—— —— *for application.*

—— —— *opposed.*

COWLES, Justice. The writ of mandamus should not issue except when it is necessary to enforce the rights of the party

seeking its aid, and in that class of cases only, where no other adequate remedy exists.

In this case it is unnecessary to inquire whether the order made by the superior court, directing the comptroller to procure the warrant to be countersigned by the mayor, was one which the mayor himself was bound to obey; nor is it necessary to determine whether an order could properly be made for the payment of moneys due by the corporation of this city, until such corporation had itself been made a party to the proceeding. All of those questions the superior court, which made the order, can determine for itself, whenever that question shall arise before that tribunal.

It is sufficient for all the purposes of this motion to say, that that court possesses ample power, by process of attachment, to enforce its own orders. That remedy is open to the relator here, provided the order made by the superior court is one which the mayor was bound to obey. In such case the remedy of the relator is simple, direct, and effective; and being so, the most proper form in which to enforce the rights of the applicant, is the one in which his proceedings have been initiated. The powers of another tribunal should not be invoked, unless the court having original jurisdiction should, from want of proper authority, be unable to enforce its own orders or decrees. Even if this order is to be regarded as the order of the judge at chambers, and not that of the superior court, yet by § 302 of the Code, the judge is vested with full and ample authority to enforce obedience, if obedience is the duty of the mayor.

If, on the other hand, as the respondent contends, the order itself is not binding—a question I leave to be solved by the superior court—then, manifestly, no writ of mandamus should issue from this court.

I base a denial of the motion upon the single ground, that the order, if binding upon the mayor, can be promptly enforced by the court, or judge by whom it was made.

The motion must be denied, with $10 costs.