# Farmers' Railroad Company *versus* Reno, Oil Creek and Pithole Railway Company.

1. The sole object of a preliminary injunction is to preserve the subject of the controversy in the condition in which it is when the order is made. It cannot be used to take property from one party and put it into the possession of another; this can be done only by a final decree.

2. A preliminary injunction cannot be used to harass or punish a defendant without benefit to the complainant.

APPEAL from the decree of the Court of Common Pleas of *Venango county.* In Equity.

On the 10th of July 1866, The Farmers' Railroad Company of Venango county filed a bill setting out, that they were a corporation organized by an Act of Assembly of April 10th 1862, under the general railroad laws of this Commonwealth; that the Kersey Oil and Mineral Company, a corporation with railroad privileges, was on the 12th of February 1866, the owner of a railroad from Oil Creek up Cherry Run to the Humboldt works, a distance of about four miles; that the complainants had laid out and partly constructed a line of railroad from Oil City to Petroleum Centre, which connected with the Kersey road; that on the 27th of February 1866, the Kersey Company leased their road to the complainants, who took possession of it, and continued operating it till March 8th 1866, when the defendants took possession of it, by virtue of an agreement made, about the 7th of March 1866, between the directors of the Farmers' and Reno Companies, to merge and consolidate their property and franchises subject to the ratification of their stockholders respectively, and the Reno Company still occupies the railroad; that on the 11th of May 1866, the president and vice-president of the Reno Company notified the officers of the Farmers' Company that they could not perform the conditions on their part of the agreement, and that the Farmers' Company might consider themselves relieved therefrom; that the stockholders of the Farmers' Company unanimously had rejected the agreement, and the Farmers' Company demanded possession of the Kersey road from the Reno Company, who refused to deliver possession. The complainants prayed that the agreement be cancelled; that possession of the Kersey road be delivered to them; that pending the hearing a special injunction be granted, and thereafter a perpetual injunction may issue, restraining the Reno Company from the use of the Kersey road, &c.

The defendants put in an answer and several pleas, which the opinion of the Supreme Court renders it unnecessary to give here.

After hearing, the Court of Common Pleas (Gordon, P. J.) granted a special injunction, which was assigned for error.

[Farmers' Railroad Co. v. Reno, Oil Creek and Pithole Railway Co.]

*Heydrick & Snowden*, for appellants, cited Commonwealth *v.* Pittsburgh & Con. Railroad, 12 Harris 159.

*A. B. McCalmont*, for appellees, cited Act of February 14th 1866, Pamph. L. 28 ; Allegheny City *v.* Nelson, 1 Casey 332; Kline *v.* Johnston, 12 Harris 72 ; Storch *v.* Carr, 4 Casey 135 ; Act of June 16th 1836, § 13, Purd. 401, pl. 3 ; Commonwealth *v.* Bank of Pennsylvania, 3 W. & S. 184 ; Rhea *v.* Forsyth, 1 Wright 507 ; Commonwealth *v.* Pitts. & Con. Railroad Co., 12 Harris 159 ; Galloway *v.* Ogle, 2 Binn. 468 ; Hersey *v.* Turbett, 3 Casey 418.

The opinion of the court was delivered, November 14th 1866, by

STRONG, J.—We have nothing before us but the bill of the complainants, the answer of the defendants, and the affidavit of D. E. Culver on the part of the defendants. It is said other proofs were submitted on the hearing of the motion in the court below, but they have not been brought up with the record. Under such circumstances, it would be impossible for us to determine that there was or was not error in decreeing a preliminary injunction, if the question depended upon the proofs exhibited. But it does not in this case. The bill itself presents no such case as to justify the decree of the court on motion, even if all its averments were supported by affidavits.

The contest between the parties as set forth, respects the right to the possession of a railroad belonging to the Kersey Oil and Mineral Company. The complainants aver that they have the right of possession, but that the defendants have the actual possession under a claim of right; and their motion was that the defendants be enjoined against using the railroad, or interfering with the complainants' use of it, until the right shall be finally determined. On their own showing this is no case for a preliminary injunction. The sole object of such an order, is to preserve the subject of the controversy in the condition in which it is when the order is made.

It cannot be used to take property out of the possession of one party and put it into the possession of the other. That can be accomplished only by a final decree. Nor can a preliminary injunction be used to harass or punish a defendant without benefit to the complainant. It would certainly be a novelty for a court in which an ejectment was pending, to issue a writ of estrepement to restrain any use by the defendant of the land in controversy ; and still greater would be the novelty, if the defendants were prohibited from interfering with the plaintiffs' enjoyment of the land while the suit was in progress. Yet this is

3 P. F. SMITH—15

[Farmers' Railroad Co. *v.* Reno, Oil Creek and Pithole Railway Co.]

analogous to what has been done in this case. The injunction must therefore be dissolved.

> And now, to wit, November 14th 1866, it is ordered, adjudged and decreed, that the special injunction against the defendants, their officers, agents, workmen and servants, ordered by the Court of Common Pleas be dissolved.