CATHOLICON HOT SPRINGS CO. v. FERGUSON, *et al.*

1. An injunction can only be granted under the provisions of subdivision 1, § 4985, Comp Laws, when it appears, "by the complaint, that the plaintiff is entitled to the relief demanded and such relief or any part thereof consists in restraining the commission or continuance of such act, the commission or continuance of which during the litigatien would produce injury to the plaintiff," and where it also appears by affidavit that sufficient grounds exist therefor.

2. When the action is one at law, but the plaintiff desires to obtain ancillary relief by way of injunction pending the litigation, he may set out the facts entitling him to such relief as a separate cause of action, following his cause of action at law.

3. A court has no power to grant a preliminary mandatory injunction, removing a party from the possession of real property pending the action, and transferring such possession to the adverse party.

(Syllabus by the Court.   Opinion filed October 1, 1895.)

Appeal from circuit court, Fall River county.   Hon. WILLIAM GARDNER, Judge.

Action for an injunction.   From an order granting the writ, defendants appeal.   Reversed.

The facts are stated in the opinion.

*Anderson & Anderson* and *G. M. Cleveland*, for appellants.

A court of chancery has no more power than any other to dispossess a person of property *prima facie* his. Arnold v. Bright, 2 N. W. 16. A court of equity cannot change the possession of lands in conflict, from one party to another until the merits have been finally passed upon. Railroad v. Railroad, 27 N. W. 715; Railroad v. Judge, 7 N. W. 65; Murry v. Burris, 42 N. W. 25.

*Loomis S. Cull* and *Chambers Kellar*, for respondent.

An appellate court will not interfere with the action of a lower court, in granting an injunction, except where such court has been guilty of abuse of discretion, and has violated some established rule of law or principle of equity. High on Injunctions, Section 1696; Henry v. Dean, 6 Dak. 79. Notwithstanding the general rule, by which courts of equity refuse to interfere with possession, before the right is determined at law, if defendant's possession is but an interruption of the prior possession of complainant, whose right is clear, an injunction may be allowed without compelling complainant to establish his title, by an action at law. High on Injunctions, Sec. 14; Conway *Ex parte*, 4 Ark; Hadfield v. Bartlett, 66 Wis. 634.

CORSON, P. J. This is an appeal by the defendants from an order granting an injunction in effect removing the defendants from the possession of certain real property; known as the "Catholicon Hotel Property," in Hot Springs, in Fall River county, and placing the plaintiff in the possession of the same. An action was commenced by the plaintiff to recover possession of the said property, and it states its cause of action as follows: "First. That the plaintiff is a corporation duly organized under and by virtue of the laws of the state of South Dakota. Second. That the plaintiff is, and since October, 1892, has been, the owner in fee of the following described premises, to wit: Out lot No. (6) six in Catholicon Hot Springs addition to Hot Springs [and other long description not necessary here]. Third. That on the 15th day of May, 1893, the plaintiff was in the quiet possession, and entitled

to the possession, of the lands and premises above described. Fourth. That while the plaintiff was such owner, and so seized and possessed and entitled to the possession of said lands and premises, the said defendants afterwards, on the 15th day of May, 1893, without right or title, did by fraud and stealth enter into and upon said lands and premises, and did oust and eject the plaintiff, its agents and employes therefrom, and ever since that day has withheld by force and violence, and do still withhold in like manner, the possession thereof from the plaintiff. Wherefore the plaintiff demands judgment for the possession of said premises, together with the costs of this action. [Duly signed and verified.]" The defendant Ferguson, it would seem (though the abstract states the "defendants answered"), served and filed an answer, denying the incorporation of the plaintiff, and, in regard to taking possession, admits the same as follows:   "That he took peaceable and quiet possession of said property upon May 15, 1893, and has since then held possession thereof in a quiet and peaceable manner, without violence or threats of violence, or the use of rifles or firearms, whatever; that on said May 15, 1893, he found said premises abandoned by plaintiff, and all of its officers and agents, and took possession thereof without any force, violence, fraud, stealth, or any other unlawful means, and has since that time held possession of said premises without any force, fraud or violence of any kind whatever against the plaintiff."   He also alleges in his answer that he is the equitable owner of the land and estate described in said complaint, and sets out at great length the facts that he claims constitute him such equitable owner, but which, in the view we take of the case, are not necessary to be stated in this opinion.   On May 20, 1893, the circuit court issued an order to the defendants to "either immediately surrender to the plaintiff the premises hereinbefore described, and refrain from in any manner interfering with the quiet and peaceable possession of said premises by plaintiff," or that defendants show cause "why an order should not issue giving to the plaintiff possession of said premises," etc.   This order was served together with two affidavits.   In these

affidavits plaintiff's title to the property, consisting of a large hotel of the alleged value of $30,000, and furniture of the alleged value of $7,000, is fully set out; also, the manner in which defendants took and retained possession of the same, and the nature of the damages that plaintiff would sustain by reason of the continued possession thereof by the defendants. But, as these affidavits are not material to the decision of this case, no further reference to them will be made. On the 23d day of May, 1893, the defendant appeared at the courthouse in Custer City, as required by said order, and filed the following motion: "Come now the defendants, and move the court to quash the writ and order to show cause in this case for the following reasons, to wit: First. There is no equity in the bill. Second. The allegations contained in the complaint and affidavits of plaintiff are not sufficient to entitle the plaintiff to an injunction as prayed for. Third. The affidavits filed by plaintiff in support of the claim herein, having been filed with and as a part of the complaint cannot be considered, and are unauthorized by law." This motion was denied and the defendants excepted. A hearing was had and a large amount of oral and documentary evidence introduced, heard, and considered by the court; but, in the view we take of this case, a review of this evidence is unnecessary. At the conclusion of the hearing the court made the following order: "It is ordered by the court that the above named defendants, Orlando Ferguson, M. L. Knable, and Charles Campbell, and each of them, immediately surrender and quit possession of the following described premises to the plaintiff herein, the Catholicon Hot Springs Company, and refrain from in any manner continuing in possession of said premises, or in any manner molesting or disturbing the said plaintiff in its possession and enjoyment of said premises, and said defendants are hereby enjoined from retaining possession of said premises or any part thereof." To this order the defendants duly excepted.

The learned counsel for the appellants contend that the court erred in denying the defendant's motion to quash the order to show cause, for the reason that the facts stated in the complaint

are insufficient to authorize the court to grant a preliminary injunction. Section 4984 Comp. Laws, authorizes a court to grant a preliminary injunction in the cases provided in the following section. That section reads as follows: "An injunction may be granted in either of the following cases: 1. It shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act the commission or continuance of which, during the litigation, would produce injury to the plaintiff. \* \* \*" And section 4986 reads as follows: "The injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, upon its appearing satisfactory to the court or judge, by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction." It will thus be seen that, in cases under subdivision 1, there must be a complaint in the action from which it must appear that the plaintiff is entitled to the relief, and such relief or a part thereof consists in restraining the commission, etc., of some act which, during the litigation, will produce injury to the plaintiff. And by section 4986 it is provided that it must appear to the court by affidavit that sufficient grounds exist therefor. The injunction in this case was evidently granted under the provisions of the first subdivision of the section, as the affidavits upon which the same was granted were filed with the complaint and state no facts which would bring the application within either the second or third subdivision of the section. It will not be necessary therefore, to consider or construe the second and third subdivisions. It will be observed that the complaint contains no allegation showing that the plaintiff was entitled to any injunction pending the litigation, or that demand was made for any such relief. The action is one at law to recover the possession of the premises described, and the only relief demanded is for a judgment for the possession of the premises and costs. To entitle a plaintiff to an injunction under that subdivision, as ancillary to an action at law, he must not only state the

facts that entitle him to maintain his action at law, but also the equitable facts that show him entitled to such equitable relief in that action. Central Crosstown R. Co. v. Bleecker St. R. Co., 49 How. Prac. 233; People v. Judges of N. Y. Common Pleas, 3 Abb. Prac. 181; Badger v. Wagstaff, 11 How. Prac. 563; Fowler v. Burns, 7 Bosw. 637. In the latter case the headnote reads as follows: "An injunction can only be granted where it appears by the complaint that the plaintiff is entitled to the relief demanded, and where also it appears by affidavit that sufficient grounds exist therefor." Where the action is one at law, but the plaintiff desires to obtain ancillary relief by way of injunction pending the litigation, he may set out the facts entitling him to such relief as a separate cause of action following his cause of action at law. Mining Co. v. Clarkin, 14 Cal. 544. The plaintiff in the case at bar, not alleging any facts showing that he was entitled to an injunction, nor making any demand for equitable relief restraining the commission or continuance of any act during the litigation that would produce injury to the plaintiff, the court was not authorized to grant the injunction. The allegations in the complaint, "that the defendants, without right or tile, did by fraud and stealth enter into the possession, and did oust and eject the plaintiff therefrom, and ever since have withheld by force and violence, and do still withhold in like manner, the possession of the premises," come very far short of stating facts entitling the plaintiff to an injunction. The facts so alleged, in connection with the other facts alleged in the complaint, constitute a good cause of action at law for the recovery of the possession of the premises from the defendants, but they show no right in the plaintiff to equitable relief by way of injunction. It follows from these conclusions that the motion of defendants and appellants to quash the order to show cause should have been granted.

2. It is further assigned as error that the injunction was against law, in that the plaintiff had an adequate remedy at law. And appellants' counsel contend that a preliminary mandatory injunction, removing a defendant from the possession of real prop-

errty pending the litigation, cannot be sustained. We are of the opinion that the appellants are correct in this contention. It may be stated as a general proposition that a preliminary mandatory injunction cannot be granted. Toledo, etc., Ry. Co. v. Detroit, etc., R. Co., 61 Mich. 9, 27 N. W. 715; Arnold v. Bright, 41 Mich. 207, 2 N. W. 16; Audenreid v. Railroad Co., 68 Pa. St. 370. While there are cases in which restrictive injunctions, having the effect in some respects of mandatory injunctions, have been granted (Cole Silver Min. C. v. Virginia & G. H. Water Co., 1 Sawy. 470, Fed. Cas. No. 2,989; *Id.*, 1 Sawy. 685, Fed. Cas. No. 2,990), no case of a preliminary mandatory injunction in form has been called to our attention. Counsel for respondent rely upon Hadfield v. Bartlett, 66 Wis. 634, 29 N. W. 639; *Ex parte* Conway, 4 Ark. 361, and High, Inj. 356. In the former case an injunction was granted restraining the defendants from taking possession of a certain barn on the premises in controversy in that action. The barn, it seems, was in the peaceable possession of the plaintiff when the action was commenced, and the defendants interferred with that possession by removing plaintiffs locks from the doors and substituting their own. The injunction was restrictive in form. The injunction simply restrained the defendants from interfering with the plaintiff's possession of said barn, and his ingress and egress to and from the same. In that case the court did not seem to regard the acts of the defendants as constituting a possession in them, but rather as interrupting the possession of the plaintiff. This case would hardly be authority for the mandatory injunction granted in the case at bar, requiring the defendants to surrender possession of the premises and restore the same to the plaintiff. The latter case is too complicated to be of much service as an authority in the case at bar. The action was one in equity to establish certain trusts growing out of an assignment by a banking corporation for the benefit of creditors. The court admits the general rule to be as stated, but it holds that, under the peculiar circumstances of that case, it constituted an exception to the general rule, and in its opinion the court uses language substantially as stated

by Mr. High in his work on Injunctions, cited. In the case before us the plaintiff had, not only its remedy in an action at law to recover the possession of the premises, but, if the facts alleged in the complaint and stated in the affidavit are to be taken as true, it had its remedy under the forcible entry and detainer act (section 6073, Comp. Laws), which would seem to afford a speedy and adequate remedy. But, without discussing the question further, we are clearly of the opinion that the court had no authority to grant a preliminary mandatory injunction requiring the defendants to surrender the possession of the premises to the plaintiff. Defendants' possession for a period of eight days can hardly be said to be a mere interruption of plaintiff's possession. The acts complained of constituted an actual ouster of the plaintiff from the possession, and at the time the mandatory injunction was granted the defendants apparently had exclusive possession. In such case the possession cannot be taken from the defendants and restored to the plaintiff by a mandatory injunction pending the litigation. The order of the court below is reversed.