(92 N. W. Rep. 487.)

KERNAHAN DICKSON *vs.* ELIZABETH M. DOWS.

**Discretion of Court—Reversal only for Error or Abuse.**

The granting or refusal of a preliminary injunction, as well as the dissolution of the same, rests in the sound judicial discretion of the trial court, and the exercise of such discretion will not be reversed or controlled by this court except for error or abuse.

**Preliminary Injunction—General Rule.**

The general rule is that a preliminary injunction will not be granted for the purpose of taking property from the possession of one person and placing it in the possession of another.

**Order Dissolving Temporary Injunction Properly Made.**

It is *held* that the order of the trial court dissolving a temporary injunction issued in this action was properly made, and is therefore affirmed.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Kernahan Dickson against Elizabeth M. Dows. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

*David R. Pierce* (*Newton & Smith,* of counsel), for appellant.

*George H. Phelps* and *Turner & Lee,* for respondent.

YOUNG, J. Plaintiff has appealed from an order made by the district court of Cass county on April 17, 1902, dissolving a preliminary injunction issued on April 1, 1902, which in terms enjoined the defendant, her agents and servants, from interfering in any way during the pendency of this action with the occupation by plaintiff of a certain tract of farming land situated in said county, which the plaintiff had sold to the defendant on April 1, 1900, upon what is known as the "crop-payment plan." The purpose of plaintiff's action is to foreclose the defendant's interest in said land under said contract. The preliminary injunction or restraining order was issued at the commencement of the action, and was based upon the complaint and upon plaintiff's affidavit. It appears therefrom that the defendant agreed in said contract to farm the land in question in a particular manner, and to turn over to plaintiff one-half of the crop produced each year, to be applied upon the purchase price, and

to pay all taxes. The complaint alleges that default had been made by the defendant, in not turning over all of the plaintiff's share of the crop grown in 1900, and in failing to turn over any portion of the crop grown in 1901, and in failing to pay certain taxes which the plaintiff alleges that he was compelled to pay, and that by reason of such defaults there is due and owing to the plaintiff the sum of $1,229.57, for which sum the plaintiff prays judgment, and further prays "that a decree may be entered herein * * * that the defendant be required to pay to the plaintiff the amount which the court shall find to be due and owing under the terms of said contract, and that such payment shall be made within thirty days from the date of the decree herein, and that, in default of such payment within such specified time, the defendant shall be forever foreclosed of all right, title, or interest in said premises, and all right to redeem the same, and that the plaintiff be put in full and immediate possession of the lands described." The plaintiff's affidavit, after alleging the making of the contract and the defendant's default thereunder, states "that the plaintiff has reason to believe and does believe that the defendant will seed and occupy said land during the cropping season of 1902, contrary to the express terms of said written contract, and against the rights of the affiant and plaintiff herein, and to the great damage of the plaintiff," and asks for an order restraining the defendant from seeding or attempting to seed the premises during the year 1902, or at any time thereafter, and from interfering with the occupation of the premises by the plaintiff; further, that the plaintiff will, upon the final hearing of the case, ask the court to determine the amount due, and to decree that the same, as found by the court, shall be paid within 30 days from the date of the decree, and that in default of such payment the defendant's rights shall be cut off; and, further, that if the plaintiff is permitted to seed the farm, and the defendant shall make the payments which the court shall find to be due, within the time to be fixed by the court, the plaintiff will surrender the premises, and the crops growing thereon, upon payment by the defendant of such expenses as the plaintiff may have incurred in seeding the crops. On April 12, 1902, the court issued an order to the plaintiff to show cause why the before-mentioned preliminary injunction should not be dissolved. The order to show cause was based upon the affidavit of George H. Phelps, defendant's attorney in the action. The affidavit, among other things, stated that the defendant had a good defense, and intended to answer the complaint; that the defendant then had a large portion of the premises ready for crop, and that it was necessary that work should be begun thereon at once; that defendant had prepared to put in the crop in the manner in which she had agreed to do, under the terms of her contract; that she has been in the undisturbed possession of the premises at all times since the making of the contract; and that the same is now in full force and effect. After a hearing upon the order to show cause, the trial court entered

its order dissolving the preliminary injunction, from which order this appeal is prosecuted.

It is clear that the trial court did not abuse its discretion in dissolving the temporary injunction. The order appealed from must therefore be affirmed. The granting or refusal of a preliminary injunction, as well as the dissolution of the same, rests in the sound judicial discretion of the trial court, and its order granting or refusing the same will not be reversed except for an abuse of discretion. As this court said in *Donovan* v. *Allert,* 11 N. D. 289, 91 N. W. Rep. 441, "A wide discretion is vested in trial courts when granting or refusing preliminary injunctions, and appellate tribunals will hesitate before interfering with the exercise of such discretion by the trial courts." The same rule is stated in 10 Enc. Pl. & Prac. 1029, in the following language: "The dissolution of a preliminary · injunction, like the granting of one, is a matter resting largely in the discretion of the court to which the motion to dissolve is addressed; and, except in case of palpable error or abuse of discretion, the action of the court will not be disturbed on appeal, or otherwise retsrained or controlled. A motion to dissolve an injunction is an appeal to the favor of the court, and regard must be had to the degree of inconvenience and expense to which continuing the injunction would subject the defendant in the event of his being right, as well as the loss which would accrue to the plaintiff if it should turn out that his complaint is well founded; and the discretion should be exercised in favor of the party most liable to injury, and so as to prevent injustice." See cases cited in notes 4 and 1. It is entirely apparent, we think, that there was no abuse of discretion in making the order appealed from. The plaintiff's complaint, as we have seen, recognizes the rights of the defendant in and to the premises in question until the same shall be cut off by a decree, and a failure of the defendant to redeem. The practical situation which confronted the trial court was whether the defendant or the plaintiff should have the possession of the land for the purpose of seeding, and pending the action. Under the circumstances disclosed, the trial court very properly refused to interrupt the defendant's possession, and to prevent her from exercising her rights over the land. This was a proper exercise of discretion, and to have done otherwise would, we think, have been an abuse of discretion. This conclusion is based upon the assumption that the case is one where the trial court might or might not, in its discretion, grant a preliminary injunction; but we think the case clearly comes under the general rule that a preliminary injunction will not be granted to take property out of the possession of one party, and transfer it to the possession of another. That such is the rule, there can be no doubt. 1. Spelling, Inj. (2d Ed.) § 31; 1 High, Inj. § 4; *Ex parte Conway,* 4 Ark. 302; *Kelly* v. *Morris,* 31 Ga. 54; *Farmers' R. Co.* v. *Reno, O. C. & P. Ry. Co.,* 53 Pa. 224. In the case last cited the court held that: "The sole object of a preliminary injunction is to preserve the subject of

the controversy in the condition in which it is when the order is made. It cannot be used to take property from one party and put it into the possession of another." There are no facts in this case which make it an exception to the above rule.

It follows that the order appealed from must be affirmed, and it is so ordered. All concur.