(93 N. W. Rep. 864)

---

FRANK N. FORMAN *vs*. SIMON P. HEALEY, *et al*.

---

**Injunction—Defendant not Entitled to.**

A defendant in a civil action is not entitled to the provisional remedy by injunction. This remedy is entirely a creature of statute, and is awarded only to the plaintiff in a proper action.

**Order without Legal Justification.**

Even if the defendant in a civil action be considered, for the purposes of his counterclaim, as entitled to the remedies given a plaintiff under section 5344, Rev. Codes, and treating the counterclaim as a complaint, the defendant in his pleading alleges no facts entitling him to injunctive relief, and his demand is for a money judgment only. His moving papers impute to the adverse party no act which, if done pending the action, would tend to render his judgment ineffectual; hence the order appealed from is without legal justification.

**Complaint Must State Facts Entitling Plaintiff to Injunctive Relief.**

To entitle a plaintiff to an injunction restraining the defendant pendente lite, it must appear from the facts stated in the complaint that plaintiff is entitled to injunctive relief, and it must be demanded in the prayer for relief; and this is true when the injunctional order is applied for on affidavits after issue joined, under subdivisions 2, 3, § 5344, Rev. Codes, showing that defendant threatens or is about to do an act which would tend to render the judgment ineffectual.

**Possession of Land—Order Ejecting Plaintiff—Contempt.**

In an action brought to determine the right to possession, use, and occupation of land, an interlocutory order, secured on affidavit, ejecting plaintiff from the land, and restraining his re-entry, is void, as without legal authority, and as determining the merits before trial. Disobedience of such an order cannot be punished as for contempt.

Appeal from district court, Richland county; *W. S. Lauder, J.*

Action by Frank N. Forman against Simon P. Healey and another. Plaintiff secured a temporary injunction to prevent threatened waste. Defendants subsequently, *pendente lite,* secured an order setting aside the injunctional order of plaintiff, directing the vacation of the disputed tract by plaintiff, and enjoining plaintiff from interfering with or obstructing defendants' use and occupation of the land. From this order the plaintiff appealed. Reversed.

The parties to this controversy are severally located upon a quarter section of government land in Richland county, N. D.; each claiming

residence and right to perfect title under the homestead laws of the United States. The plaintiff, in his complaint, avers that he established residence upon the land, and received from the United States land officers a certificate of homestead entry, on the 27th day of April, 1899, and that at the time of the commencement of his action he occupied the land, with his family, as a homestead; that the defendant, in July, 1899, entered upon the premises, and cut and was about to remove therefrom the crop of grass and hay, against the will and without the consent of plaintiff, to plaintiff's damage $50; that the defendant was insolvent, and that he would enter upon the land and commit waste unless restrained. Plaintiff demanded judgment for $100 damages, and for an injunction perpetually restraining the defendant from entering on the premises for the purpose of committing waste, or cutting or carrying away the grass and hay growing thereon. The defendant Healey's answer to the complaint consisted of denials, and by way of counterclaim he averred his actual possession of the land in dispute for the purpose of settlement and residence under the homestead laws; that his possession had been continuous for three years prior to said time; that 10 acres of the land were broken and cropped by him to grain and garden vegetables, and that for three years prior to the commencement of the action he had cut and removed the hay therefrom; that he was an applicant for a homestead filing upon said land, and that his right to make such filing was in contest before the Interior Department of the United States; that said contest was pending and undisposed of; that because of a restraining order issued in the action, preventing his occupying a portion of said land, and cutting the hay, grain, and vegetables thereon, he was damaged in the sum of $300, wherefore he demanded judgment for $300 and costs. The averments of the defendant's counterclaim are denied by reply on the part of the plaintiff. No facts are alleged in the counterclaim of defendant entitling him to equitable relief; nor is there any prayer for equitable relief, by way of injunction, or otherwise, in his answer. An order to show cause, supported by affidavits on the part of the plaintiff, and opposed by affidavits on the part of the defendant, was brought on for hearing before the judge of the district court on the 13th day of July, 1899, and resulted in the issuance and service upon the defendant of an injunctional order enjoining and restraining defendant from entering upon the east half of the quarter section of land in dispute for the purpose of committing waste, cutting and removing grass thereon, or in any way interfering with the plaintiff's use and occupation thereof. But defendant Healey was allowed the use and occupation of 10 square acres of said land, whereon his house was situated, pending the determination of a hearing before the United States land office at Fargo. The 10 acres are described in the order. The injunctional order was continued until the month of April, 1901, when the defendant Healey, upon affidavit, secured the issuance and service of an order to show cause why the same should not be vacated and set aside, and the plaintiff, in turn, restrained from sowing the land to crops for the

crop season of 1901. The plaintiff appeared and opposed said order by affidavit, and after hearing, and on the 21st day of May, 1901, the court issued an injunctional order vacating the injunctional order of July 13, 1899, and restraining the plaintiff, his agents and servants, from interfering with the use and occupation by the defendant Healey of the land in dispute, excepting a strip upon which plaintiff's dwelling house is situated, and which was described by metes and bounds in said order. No appeal was taken from this order, and the same was continued until the 24th day of April, 1902, when, upon an order to show cause obtained in said action by the defendant upon affidavit, the injunctional order from which this appeal is taken was made, entered, and served upon the plaintiff, Forman, wherein it is recited that: "The plaintiff having failed to show just cause why the injunctional order issued in this action on the 21st day of May, 1901, should not be vacated and set aside, or why the said plaintiff should not be directed and commanded to yield and surrender up to the defendant Simon P. Healey the possession of the east half (E. ½) of the southeast quarter (S. E. ¼) of section thirty-five (35) in township one hundred thirty-three (133) north, of range forty-eight (48) west, and why said plaintiff, and his agents, servants, and employes, should not be permanently enjoined from in any manner interfering with the possession and use of said land, and the whole thereof, by said Simon P. Healey; it appearing to the satisfaction of the court, from the affidavits of Charles E. Wolfe, Simon P. Healey, R. N. Ink, Harry B. Quick, and S. B. Pinney, filed herein, and from the records and files in this action, that the defendant Simon P. Healey is now entitled to the exclusive possession of said tract of land, and to its use and occupation, and that the plaintiff, Frank N. Forman, has no right, title to, nor interest in said land, or any right to the possession of the same, or any part thereof, but, on the contrary, is in the unlawful occupation and possession of a part of said lands, and refuses to surrender the same to said Simon P. Healey: Now, therefore, it is ordered that that certain injunctional order dated the 21st day of May, 1901, be, and the same is hereby, vacated, set aside, and annulled in all things. And it is further ordered that you, Frank N. Forman, the plaintiff, and your agents, servants, and employes be, and you are hereby, perpetually enjoined and restrained from in any manner interfering with or hindering or obstructing the use and occupation of said lands, and every part thereof, by the defendant Simon P. Healey. And it is further ordered that you, immediately after the service of this order upon you, vacate said premises, and surrender and yield up possession thereof, and every part thereof, to said defendant Simon P. Healey. Let a copy of this order be served on the plaintiff personally." The issues in said action have never been brought on for trial or tried. The affidavits upon which the order appealed from was obtained disclose that while the Secretary of the Interior had decided adversely to the rights of the plaintiff, For-

man, in the contest before the land department, an application for re-hearing in his behalf was pending and undisposed of.

*Ink & Wallace* and *Purcell & Bradley,* for appellant.

*Charles E. Wolfe* and *E. A. Munger,* for respondent.

COCHRANE, J. (after stating the facts). The appeal in this case is from an interlocutory order in no way affecting its merits upon the issue joined, which has not yet been tried. Plaintiff, in his complaint, bases his cause of action upon his right to possession of the land in question. The injunctional order was procured on showing by affi-davit in the action, and, as a provisional remedy only, contains lan-guage against plaintiff seldom, if ever, used, except in writs of eject-ment, and after full hearing upon the merits, where the right of cross-examination has been secured. Without passing upon the right of plaintiff to the injunctional order granted him in the first instance, it may be noted that there is an averment in the complaint of threat-ened waste, and of the insolvency of the defendant, from which the inference is deducible that the remedy at law would not, in the event of recovery, fully protect plaintiff's rights, and in the prayer for relief an injunction is expressly asked for. It will also be noted that the answer and counterclaim of defendant contain no averments what-ever which, if proven, could, under any rule so far declared by the courts, entitle defendant to the equitable protection of an injunction; and there is no prayer for such a relief in defendant's answer. The provisional remedy by injunction in this state is of statutory origin, and is granted a plaintiff when necessary to protect his rights pend-ing final determination of the case upon the merits. Section 5344, Rev. Codes. And this only when the complaint contains averments which, if proven, would entitle plaintiff to the relief demanded, and its issuance is made to appear as necessary to protect plaintiff's rights during the litigation. *McHenry* v. *Jewett,* 90 N. Y. 58; *Hartt* v. *Harvey,* 32 Barb. 55, 68; *New York, etc., Ry. Co.* v. *Ry. Co.,* 11 Abb. N. C. 386; *Bagaley* v. *Vanderbilt,* 16 Abb. N. C. 359; *Close* v. *Flesher* (Com. Pl.) 28 N. Y. Supp. 737; *Kerr* v. *Dildine,* 6 N. Y. St. Rep. 163; *Roosevelt* v. *Edson,* 51 N. Y. Super. Ct. 287; *Catholicon Hot Springs Co.* v. *Ferguson,* 7 S. D. 508, 64 N. W. Rep. 539. The complaint must pray for injunctional relief. Section 5266, Rev. Codes; *Hulce* v. *Thompson,* 8 How. Prac. 475; *Ward* v. *Dewey,* 7 How. Prac. 17; *Olssen* v. *Smith,* 7 How. Prac. 481; *Hovey* v. *McCrea,* 4 How. Prac. 31; *Locke* v. *Davison,* 111 Ill. 19. Some cases go to the length of declaring that, if the cause for temporary injunction exists at the time of the com-mencement of the action, the complaint, in its prayer for relief, must contain a request for this relief *pendente lite.* *Walker* v. *Devereaux,* 4 Paige, 229; *Vincent* v. *King,* 13 How. Prac. 239; 10 Enc. Pl. & Pr. 962, and note. The reason for the rule is found in this : that the writ of injunction has here been abolished, and the injunctional order, as a provisional remedy, substituted therefor. Section 5343, Rev. Codes. The order can be awarded only in the cases and in the manner speci-

fically prescribed, and is impliedly forbidden in any others. *Jackson* v. *Bunnell,* 113 N. Y. 216, 21 N. E. Rep. 79; *Fellows* v. *Heermans,* 13 Abb. Prac. (N. S.) 9; *Erie Ry. Co.* v. *Ramsey,* 45 N. Y. 637. "The injunctional order is temporary in its character. It assumes a pending litigation, in which all the questions are to be settled by a judgment, and operates only until that judgment is rendered. If by that a permanent injunction is granted, the temporary one is, of course, ended; and equally so if a permanent injunction is in the end denied." *Jackson* v. *Bunnell,* 113 N. Y. 216, 21 N. E. Rep. 79. It follows from what we have said that the injunctional order here, although containing language proper, and only properly used, in a permanent injunction, could have been intended, and, at best, could operate, only as a temporary injunction. It also follows that defendant was not entitled to the protection of a temporary injunction because the averments of his counterclaim are insufficient to secure such relief, and the prayer for relief appended thereto is for money damages only. The · defects in the pleading cannot be supplied by affidavits used to support the motion for a temporary injunction. *Stull* v. *Westfall,* 25 Hun 1; *Close* v. *Flesher* (Com. Pl.) 28 N. Y. Supp. 737.

The order appealed from was improperly issued for the further reason that the statute gives the right to relief by temporary injunction to a plaintiff in the litigation, only, and not to the defendant. That the plaintiff is entitled to the relief demanded must appear by the complaint, and a part of the relief demanded must consist in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff. Subdivision 1, § 5344, Rev. Codes. "When, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, or procuring or suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act." "And, when during the pendency of an action it shall appear by affidavit that the defendant threatens, or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition." Subdivisions 2, 3, § 5344, Rev. Codes. No right is here given a defendant, as such, even under a counterclaim, to restrain any of the enumerated threatened injuries, if done or threatened by plaintiff. But to secure the redress, a party must begin an independent action, making his adversary a defendant. *California Pacific Ry. Co.* v. *C. P. Ry. Co.,* 47 Cal. 549; 1 Code Civ. Proc. N. Y. § 603, note "b."

Other objections are urged against this order. But one other will be noticed: The closing paragraph of the order from which this appeal was taken is clearly unwarranted, viz.: "It is further ordered that you, Frank N. Forman, the plaintiff, and your agents, servants, and employes, be, and you are hereby, perpetually enjoined and restrained from in any manner interfering with, or hindering or obstructing, the use and occupation of said lands, and every part thereof,

by the defendant Simon P. Healey. And it is further ordered that you, immediately ofter the service of this order upon you, vacate said premises, and surrender and yield up possession thereof, and every part thereof, to said defendant Simon P. Healey." Plaintiff was in possession of the land, and had his family, house, and home thereon. Whether rightfully or wrongfully there, it was the purpose of the litigation to have determined. The court could not determine this question, and eject plaintiff from his home, on the application for a temporary injunction secured on affidavit. His contest before the Interior Department was pending upon petition for rehearing, and had not been finally determined. A disobedience of this part of the order could not be punished as a contempt, because the making thereof was entirely beyond the court's jurisdiction. *Messler* v. *Simonson*, 10 Mich. 335. Possession of land is not thus to be disturbed by means of a temporary injunction, nor can the rights of the parties be prejudiced in advance of the trial of the main issue. *Dickson* v. *Dows*, 11 N. D. 404, 92 N. W. Rep. 797; *Arnold* v. *Bright*, 41 Mich. 207; *Hemingway* v. *Preston*, Walk. Ch. 528; *People* v. *Simonson*, 10 Mich. 335; *McCombs* v. *Merryhew*, 40 Mich. 728; *La Cassagne* v. *Chapuis*, 12 Sup. Ct. 659, 36 L. Ed. 368. "The principle is at least as old as the Magna Charta that a man shall have a trial of his right before dispossession, and we cannot sanction any departure from it that shall leave every one to the mercy of a special and summary proceeding, on which an inquiry into the facts must always be imperfect, and generally one-sided." *McCombs* v. *Merryhew*, 40 Mich. 725. Upon this subject the Supreme Court of Nebraska, in *Calvert* v. *State*, 52 N. W. Rep. 692, said: "The statement of the case carries with it a full answer. The judge, in effect, has undertaken to dispose of the merits of the case without a hearing. A temporary injunction merely prevents action until a hearing can be had. If it goes further, and divests a party of his possession or rights in the property, it is simply void." And in *Farmers' Ry. Co.* v. *Reno*, 53 Pa. 224, Justice Strong, speaking for the court, used the following language: "The bill itself presents no such case as to justify the decree of the court on motion, even if all its averments were supported by affidavits. *. * * It would certainly be a novelty for a court in which an ejectment was pending to issue a writ of estrepement to restrain any use by the defendant of the land in controversy, and still greater would be the novelty if defendants were prohibited from interfering with the plaintiff's enjoyment of the land while the suit was in progress. Yet this is analogous to what was done in this case. The injunction must therefore be dissolved." In *Catholicon Hot Springs Co.* v. *Ferguson*, 7 S. D. 508, 64 N. W. Rep. 539, the following language is used: "We are clearly of the opinion that the court had no authority to grant a preliminary mandatory injunction requiring defendants to surrender the possession of the premises to the plaintiff."

Our conclusion is that the injunctional order from which this appeal was taken, excepting in so far as it vacates the order of May 21, 1901, was erroneous, and without authority of law to sustain it. The order

appealed from is reversed, excepting in so far as it vacates the injunctional order as to May 21st, and, as to that portion vacating the order of May 21st, it is affirmed. Appellant to recover costs of both courts. All the Judges concur.