STRAND, Appellant, v. STEPPA, et al., Respondents.

(186 N. W. 959.)

(File No. 4967. Opinion filed March 1, 1922.)

**Injunction—Foreclosure of Realty Sale Contract, Answer Denying Allegations, Defendant Vendee in Possession—Whether Defendant Entitled to Injunction Against Vendor's Occupancy— Statute Construed.**

A vendee of realty under a contract by plaintiff to convey, who was put in possession by vendor at date of contract, but who subsequently vacated same, re-entering thereafter and being in possession when suit to foreclose the contract begun, is not entitled to an injunction enjoining plaintiff from occupying or asserting right to possession, under Sec. 2424, Code 1919, providing in effect that injunction may issue when complaint shows plaintiff entitled to relief demanded involving restraining commission or continuance of an act which during litigation would produce injury to plaintiff, or when defendant is shown to have done, etc., some act violative of plaintiff's rights re the subject of action and tending to render judgment ineffectual, or when affidavit shows threats by defendant concerning removal or disposition of his property; that (following and relying upon Forman v. Healey, (N. D.) 93 N. W. 866) the provisional remedy by injunction in this state is of statutory origin, and granted plaintiff when necessary to protect his rights pending final determination on merits; this only when complaint contains averments which, proven, entitle plaintiff to relief demanded, and its issuance made to appear necessary to protect plaintiff's intermediate rights; the writ of injunction having been abolished and superseded by such provisional remedy; and such order can be awarded only in such cases and in manner specifically prescribed, and is impliedly forbidden in others. Whether defendant would have been entitled to restraining order had he set up a cross complaint and pleaded facts entitling to injunctional relief, not decided.

Anderson, J., not sitting.

Appeal from Circuit Court, Marshall County. Hon. FRANK ANDERSON, Judge.

Action by C. V. Strand, against John Steppa and John Heim, to foreclose a contract to convey realty. From an order, applied for by defendant, enjoining plaintiff from occupying or in any way asserting right to possession of any part of the land in controversy, plaintiff appeals. Reversed.

*Harold W. King,* for Appellant.

No appearance for Respondent.

POLLEY, J.   Action to foreclose a contract to convey real property.   Defendant appears to have been put into possession of the premises at the time of making the contract, June 1, 1920, but vacated the same during the following October.  This action was commenced in December, 1920, and in January, 1921, plaintiff re-entered and took possession of the premises.   On the 18th of April, 1921, defendant applied for, and the court granted an order enjoining the plaintiff from occupying or in any way asserting any right to the possession of any part or portion of the said premises.   From such order plaintiff appeals to this court.

It is the contention of appellant that the remedy by restraining order cannot under our statute be granted to a defendant, but to a plaintiff only, that such remedy is purely statutory, and that the statute makes no provision for the granting of a restraining order on behalf of a defendant.

The right to grant injunctional relief is found in section 2424, Rev. Code, which reads as follows:

"*When Injunction will be Granted.*   An injunction may be granted in either of the following cases:

"1.   When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or

"2.   When, during the litigation, it shall appear that the defendant is doing, or threatens or is about to do, or procuring or suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.

"3.   And when, during the pendency of an action, it shall appear by affidavit that the defendant threatens, or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition."

This section, in terms, makes no provision for granting a restraining order against a plaintiff, or in any case except upon the application of the plaintiff in the action to restrain some wrong, or threatened wrong, on the part of the defendant: and

in considering section 7529, Comp. Laws N. D., which section is identical with our section 2424, and in a case practically on all fours with this the Supreme Court of that state said:

"The provisional remedy by injunction in this state is of statutory origin, and is granted a plaintiff when necessary to protect his rights pending final determination of the case upon the merits. * * * And this only when the complaint contains averments which, if proven, would entitle plaintiff to the relief demanded, and its issuance is made to appear as necessary to protect plaintiff's rights during the litigation. * * * The writ of injunction has here been abolished, and the injunctional order, as a provisional remedy, substituted therefor. * * * The order can be awarded only in the cases and in the manner specifically prescribed, and is impliedly forbidden in any others. * * *" Forman v. Healey et al., 11 N. D. 563, 93 N. W. 866.

This is decisive of this case. Whether the defendant would have been entitled to a restraining order had he set up a cross-complaint and pleaded facts entitling him to injunctional relief we need not decide. No such facts are pleaded in this case.

The order appealed from is reversed.

ANDERSON, J., not sitting.