## The People on relation of Peter R. Messler v. Silas Simonson and others.

A Court can not, by an *ex parte* preliminary order or process, turn even a wrong doer out of possession.

Where complainant, claiming to be in actual possession of certain premises, obtained a preliminary injunction enjoining respondents from trespasses of a nature likely to injure the buildings, and the writ also enjoined them from in any way interfering or meddling with the possession, and from entering into the premises; and it appeared that respondents were actually in possession at the time the injunction was issued, it was *held* that they could not be punished as for contempt in maintaining this possession by force.

*Heard May 31st. Decided June 7th*

Appeal by respondents from the Genesee Circuit in Chancery.

*Walker & Kent*, for appellants:

The object of preliminary injunctions is to restrain defendants from a certain course of action supposed to be injurious to complainant: to keep the parties in *statu quo* until decree. It is no part of the province of such an injunction to compel a defendant to give up possession of premises, or to do any other act:— *Wat. Eden on Injct.* 9, *note; Story Eq. Juris.* § 861; 2 *Green Ch.* 136. And Simonson in maintaining his possession did not disobey the injunction:—*Hemingway v. Preston, Wal. Ch.* 528.

*Goulds & Hanchett*, contra:

If it were true that Simonson was in possession when the writ issued, it would not be competent to show it as evidence that he was not guilty of a contempt. He should have moved to dissolve the injunction, instead of disregarding it. It must be obeyed though improperly issued:— 1 *Barb. Ch. Pr.* 632, 636; 4 *Paige*, 444; 2 *Edw. Ch.* 188: 1 *Hoff. Ch. Pr.* 450; 3 *Swanst.* 626; 1 *Wat. Eden on Injct.* 102; 2 *Ch. Ca.* 203; 6 *Ves.* 109; 3 *Meriv.* 149.

But it is insisted on the facts shown that he was not in possession.

CAMPBELL J. :

Respondents were proceeded against under the statute punishing contempts to enforce civil remedies. Complainant filed his bill claiming to be in actual possession of certain premises, and praying to have defendant Silas Simonson enjoined from trespasses of a nature likely to injure the buildings, and threatened to be repeated.

An injunction was issued which was allowed in accordance with the prayer of the bill, but which enjoined Silas

Simonson, and his attorneys, agents and servants, from in any way interfering or meddling with the possession, and from entering into the premises.

The affidavits on which the attachment was applied for set forth that, in the month of September previous to the filing of the bill (which was in January, 1861), Simonson had been put out of possession by a writ of possession in favor of Messler. That in December, 1860, early in the month, one Peter Van Ness took a lease from Messler for eighteen months, and was put in actual possession about the first of January, but was put out again the same day, with all his effects, by Silas Simonson. The injunction was served January 11th, and the next day Van Ness undertook to enter the house, but was prevented by Simonson, who, with the other respondents, continued to keep him out. Upon this showing an attachment was issued against all the respondents, and on its return was heard upon these and other proofs.

It appears without contradiction that when the bill was filed, and ever since, Silas Simonson and the other respondents under him have had actual possession of the premises; and that their acts during this period have consisted only of endeavors to maintain it. This being the case, the injunction has not been violated, for it was issued to preserve an actual possession against molestation, and not to oust a possessor who may have been a tortious holder. No Court can, by a preliminary *ex parte* order or process, turn even a wrong doer out of possession. And we can not presume that the writ in the case before us was designed to have any such operation.

It becomes therefore unnecessary to consider the important and interesting questions which would have arisen had the case been presented upon a different state of facts.

The order of the Court below must be reversed, with costs.

The other Justices concurred.