TOLEDO, ANN ARBOR & NORTH MICHIGAN RAILWAY CO. v. DETROIT, LANSING & NORTHERN RAILROAD CO. ET AL.

[See 61 Mich. 33.]

*Injunction—If it affords relief prayed for in bill, order for, an appealable one—Cannot be used to change possession of land until final decree—Chancery rule 112—"Manifest reasons" defined—Must be based on facts within knowledge of party making affidavit of exigency—Act or threat sought to be restrained must be averred on knowledge—"Information and belief" insufficient.*

1. Where a preliminary injunction operates to give *all* of the aid prayed for in the bill, the order of allowance has *all* of the *effect* of a *final* decree, and may be appealed from.

2. An injunction against a party holding his *own* possession of land is equivalent to turning him out of possession, and utterly illegal before final decree.

3. The "manifest reasons" required to be shown by affidavit, under Chancery rule 112, to authorize a circuit court commissioner to grant an injunction, are necessarily reasons based on facts shown by persons testifying on *knowledge,* and punishable for perjury if they swear falsely.

4. An injunction bill in which the *act* or *threat* sought to be restrained is averred on *information* and *belief,* supported by no affidavit or *oath* upon *knowledge,* cannot support an injunction under any circumstances.

5. The amendment of chancery rule 112, made April 7, 1886 (see 55 Mich. preceding first case), was designed to prevent the hasty granting of injunctions by *commissioners,* and to harmonize the practice with what was originally intended when the system of injunction masters was borrowed from New York.

Appeal from Livingston. (Newton, J.) Argued April 7, 1886. Decided April 15, 1886.

Appeal from order granting injunction. Reversed, and order declared void. The facts are stated in the opinion.

*Luke S. Montague,* for complainant.

*Charles B. Lothrop,* for defendants:

The bill was solely an injunction bill, and the injunction disposed of the whole case, and gave all the relief demanded. It was a final and appealable order: *Barry v. Briggs,* 22 Mich. 201 ; *Maxfield v. Freeman,* 39 Id. 64 ; *Tawas, etc., R. R. Co. v. Iosco Judge,* 44 Id. 479.

The Detroit, Lansing & Northern Railroad being in possession of the track and premises mentioned in the bill, the injunction divesting them of possession of it, and their right to it, without notice, was void: *Tawas, etc., R. R. Co. v. Iosco Judge,* 44 Mich. 482 ; *Arnold v. Bright,* 41 Id. 207 ; *Port Huron and Gratiot Ry. Co. v. St. Clair Judge,* 31 Id. 456 ; and even the possession of a wrong-doer cannot be divested without notice: *People v. Simonson,* 10 Mich. 335 ; nor is the affidavit annexed to the bill sufficient to justify the commissioner's action under rule 112.

CAMPBELL, C. J. In this case a circuit court commissioner of Livingston county allowed an injunction, without notice, to prevent defendants from interfering with the intended execution of a crossing under their track, which the bill averred had been secured by condemnation proceedings, and which would involve an interference with the running of defendants' cars during the construction of a bridge. For the taking of the property, and all damages, the commissioners appeared to have awarded the sum of six dollars.

The whole purpose of the bill is to prevent defendants from hindering the execution of this crossing.

A motion was made to dismiss defendants' appeal on the ground that this was not a decree or final order. We denied the motion. An order allowing an injunction is of the same character, by whomsoever granted, and must be judged by its effect. This injunction operated, and was intended to operate, all the aid to complainant which the bill called for ; and the whole bill was framed substantially to secure a passage across defendants' right of way speedily. It had all the effect of a final decree.

It needs no discussion to show that an injunction against a party's holding his own possession is the same thing as turning him out of possession, and is utterly illegal before

final decree. Whatever right a complainant may have in other courts, or in other ways, a court of equity cannot change the possession of lands in conflict from one party to another until the merits have been finally passed upon. It seems singular that any officer of the law should undertake such a usurpation of power. It has been sufficiently settled by several decisions of this Court, and is an elementary rule which needs no explanation: *People v. Simonson*, 10 Mich. 335 ; *Barry v. Briggs*, 22 Mich. 201; *Lewis v. Campau*, 14 Mich. 458; *Salling v. Johnson*, 25 Mich. 489 ; *Port Huron & G. Ry. Co. v. Judge of St. Clair*, 31 Mich. 456; *Arnold v. Bright*, 41 Mich. 207; *Tawas & B. C. R. R. Co. v. Judge of Iosco*, 44 Mich. 479.

The order must be vacated, and declared void from the beginning, for this reason. But it would be improper to pass by some other violations of law which appear on the face of this proceeding.

The rule regulating the powers of injunction masters gives them no authority to grant injunctions without notice, unless the peculiar exigencies of the case require it "for manifest reasons, to be shown by affidavit:" Rule 112.

This means, necessarily, reasons based on facts shown by persons testifying on knowledge, and punishable for perjury if they swear falsely. In the present case not a single fact of any kind is sworn to by Mr. Ashley, who made the affidavit ; and it is nothing short of absurdity to give as a reason for not waiting a fear that something may be done by a defendant, in case the complainant should do something not yet done. The complainant could manifestly wait, and so prevent the mischief ; and a delay of a few hours, or a day or two, in order to give notice, was entirely within complainant's power, even assuming the case a proper one for an injunction *pendente lite*, which it was not on any theory here presented.

Further than this, the bill itself does not contain an averment of any act or threat by the defendants, on anything but information and belief, and is supported by no affidavit or

oath upon knowledge. This cannot support an injunction under any circumstances.

We have at the present term changed rule 112 so as to prevent the hasty granting of injunctions by commissioners, and to harmonize the practice with what was originally intended when the system of injunction masters was borrowed from New York. The abuses arising from the careless allowance of injunctions are very serious, and have caused much harm and damage. We have no information from these *ex parte* proceedings concerning the merits of the contending parties on the main controversy, but the present proceedings are illegal throughout.

The order must be reversed, and the injunction declared void. Appellants are entitled to costs.

The other Justices concurred.