[No. 18277.   In Bank.—October 2, 1894.]

## COULTERVILLE AND YOSEMITE TURNPIKE COMPANY, APPELLANT, *v.* STATE OF CALIFORNIA, RESPONDENT.

ACTION AGAINST STATE—COULTERVILLE AND YOSEMITE TURNPIKE COMPANY—ACT OF MARCH 31, 1891—ESTOPPEL.—The recitals in the act of March 31, 1891, authorizing the Coulterville and Yosemite Turnpike Company to sue the state of California for the damage sustained by it by the construction of a road by the Yosemite Turnpike Road Company, under the act of February 17, 1874, do not estop the state, in an action brought against it under the act of March 31, 1891, from showing that no exclusive privilege to construct a road to the Yosemite valley on the northerly side of the Merced river was ever granted to the Coulterville and Yosemite Turnpike Company by the commissioners for the management of the Yosemite valley and Mariposa big tree grove.

ID.—RECITALS IN ACT.—The sole object of the act of March 31, 1891, was to empower the Coulterville and Yosemite Turnpike Company to bring an action against the state, and the legislature did not intend, by any recital therein, to preclude the state from availing itself of whatever defense it may have had against that company's claim prior to the passage of the act.

CIV. CAL.—21

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick,* and *James A. Waymire,* for Appellant.

*Attorney General W. H. H. Hart,* and *Aylett R. Cotton,* for Respondent.

FITZGERALD, J.—This action was brought under the authority conferred by an act of the legislature, approved March 31, 1891, and is entitled, "An act to enable the Coulterville and Yosemite Turnpike Company, a corporation, to sue the state of California for the loss and damage suffered and sustained by said corporation by the construction of a road by the Yosemite Turnpike Road Company, under and by virtue of an act of the legislature of the state of California, entitled 'An act granting the right of way to the Yosemite Turnpike Road Company over the Yosemite grant,' approved February 17, 1874, and for the relief of said Coulterville and Yosemite Turnpike Company."

The facts stated in the complaint as constituting plaintiff's cause of action are the same as those recited in the preamble of the act referred to, and are alleged as follows:

"1. That the commissioners to manage the Yosemite valley and Mariposa big tree grove, by their resolution adopted the sixteenth day of July, 1872, together with the written agreement dated the thirteenth day of August, 1872, agreed with plaintiff, that plaintiff should have the exclusive right to construct and maintain a wagon road on the northerly or Coulterville side of the Merced river, from a point on or near Crane Flat, past the line of survey of that reservation from the public lands of the United States known as the Yosemite grant, to and

upon the level of the Yosemite valley, and should have the exclusive right to maintain a road on said side of the Merced river, and collect tolls thereon for a term of ten years from the completion thereof; whereupon plaintiff, in consideration of said agreement, and in pursuance of said resolution and agreement, proceeded to construct said road, and the same was completed on the eighteenth day of June, 1874, and said commissioners on the third day of July, 1874, accepted the same as so completed

"2. That in the year 1874 the legislature of the state of California passed an act entitled, 'An act granting the right of way to the Yosemite Turnpike Road Company to construct a toll-road over the Yosemite grant,' approved February 17, 1874, and under and by virtue of said act said Yosemite Turnpike Road Company constructed and completed a road on the northerly side of the Merced river, from a point near Gentry's station to a point on the level of the Yosemite valley near El Capitan, which said road was completed in the month of July, 1874; and thereupon the said Yosemite Turnpike Road Company opened the said last-mentioned road for travel, and the same was continuously traveled by the public thereafter.

"3. That the said last-mentioned road was on the northerly or Coulterville side of the Merced river, and conflicted with the exclusive privilege so granted to plaintiff, and, by reason of the construction and completion of the same, the said wagon-road so completed by plaintiff became and was little used, and plaintiff suffered thereby, and by reason of the premises, great loss and damage, to wit., the sum of one hundred and twenty-five thousand dollars ($125,000)."

The complaint was demurred to generally upon the ground that it did not state facts sufficient to constitute a cause of action, and specially upon other grounds, but which, in the view that we have taken of the case, are not necessary to be considered.

The demurrer was overruled by the court, and thereupon the defendant answered, setting up the following defenses: 1. A denial that the alleged exclusive privilege was ever granted to plaintiff, a denial that the road built by the Yosemite Turnpike Road Company conflicted with any exclusive privilege granted to plaintiff, and a denial of any damage; 2. That the Yosemite commissioners had no power to make the alleged agreement; 3. That the court had no jurisdiction of the person of the defendant nor of the subject matter of the action; 4. The statute of limitations; 5. That the said act under which this action was brought is unconstitutional.

The case was tried by the court without a jury, and judgment given for the defendant.

Plaintiff appeals from the judgment and the order denying its motion for a new trial.

The questions raised by the record on this appeal, and upon which the conclusion we have reached is based, are: 1. Whether the alleged exclusive privilege was ever granted to plaintiff by the agreement entered into between it and the said commissioners; 2. If it was not, is the defendant estopped from showing that fact by the recital to the contrary in the preamble to the act referred to?

The first proposition is disposed of adversely to plaintiff by the finding of the court that the said commissioners did not agree with the plaintiff that it should have the exclusive right to construct or maintain a wagon-road on the northerly side of the Merced river.

This finding is fully justified by the evidence, and will not be disturbed unless the defendant is concluded by the recital set forth in the preamble to the act stated in the second proposition.

The sole object and purpose of that act was to empower the plaintiff to bring this action against the state; and, while it is true there is a recital in the introduction thereto that such exclusive privilege was granted

to the plaintiff, yet it is perfectly clear from the reading of the act that the legislature never intended by this recital to preclude the state from availing itself of whatever defense it may have had against plaintiff's claim prior to the passage of the act.

This is manifest from the language of the act itself, which provides that it shall be the duty of the attorney general "to defend said action and to interpose thereto such defenses, legal or equitable, *as may exist,* and which a private person under like circumstances might interpose." It is further provided that "if in said action a judgment shall be entered in favor of the plaintiff therein it shall be the duty of the attorney general to take an appeal therefrom to the supreme court of the state."

If the act was susceptible of any other construction than the one we have given it, then the only question that could be determined on the trial of the case would be the amount of damages which plaintiff should recover.

In disposing of the case upon these grounds we do not wish to be understood as conceding that the commissioners had any authority whatever to grant the alleged or any other exclusive privilege.

The remaining questions discussed by counsel orally and in their briefs are not necessary to be considered.

Let the judgment and order be affirmed.

DE HAVEN, J., HARRISON, J., and MCFARLAND, J., concurred.

Rehearing denied.

BEATTY, C. J., dissented from the order denying a rehearing.