[Sac. No. 648.  Department One.—July 19, 1900.]

HENRY WILLIAMS, Respondent, v. W. G. LONG et al., Defendants.  GAGNERE MINING COMPANY, Appellant.

EJECTMENT FOR MINING CLAIM—INJUNCTION AGAINST WASTE—DISCRETION OF COURT—AFFIDAVITS ON MOTION TO DISSOLVE.—In an action of ejectment to recover possession of a mining claim, where the verified complaint is sufficient to support a preliminary injunction to prevent waste of the mine pending suit, the court may grant such injunction, and has discretion to maintain it, notwithstanding affidavits of the defendants on motion to dissolve the injunction may deny the equities of plaintiff's case, and show a case of hardship upon the defendant.

ID.—IMPROPER RESTRAINT OF DEFENDANTS.—An injunction in an action of ejectment cannot properly restrain the defendants from "entering upon" the land sued for, or from "in any manner trespassing thereupon," or from "working thereon," provided no waste is committed. In all other respects than extracting or removing ore from the mine or committing waste, the defendants are entitled to use the mine pending the suit as their occasion may demand.

ID.—APPEAL FROM ORDER REFUSING TO DISSOLVE INJUNCTION—MERITS OF CASE NOT INVOLVED.—Upon an appeal from an order refusing to dissolve a preliminary injunction to prevent waste by the defendants pending an action of ejectment, the merits of the case, or the right of plaintiff to recover in the action, are not involved, and cannot be considered.

APPEAL from an order of the Superior Court of Tuolumne County refusing to dissolve an injunction. G. W. Nicol, Judge.

The facts are stated in the opinion.

C. C. Hamilton, for Appellant.

F. P. Otis, for Respondent.

SMITH, C.—Appeal from an order refusing to dissolve a preliminary injunction restraining the defendants "from entering in and upon the mining claim of the plaintiff [called the "Marryatt mine"], and from mining and working thereon, and from taking and removing any gold and gold-bearing earth and rock therefrom, and from in any manner trespassing thereon."

The injunction was issued without notice on the verified complaint. The complaint is in ejectment, in the ordinary form, but alleges also, in effect, that the defendants are mining the premises in controversy, and have removed and are removing therefrom gold-bearing earth and rock, and will continue to do so unless restrained.

It appears from the affidavits used on the hearing of the motion to dissolve that the defendant corporation was in possession of the premises in controversy under a contract of sale made by the plaintiff to the defendant Long, its grantor, and was in default in the payment of one of the installments of the purchase money; and also that it was the owner of an adjoining mine, which it was then engaged in working, and from which the only outlet for removing the ore mined was through the Marryatt mine, by means of appliances constructed therein by defendant; and that the Gagnere mine could not otherwise be worked except by the construction of a new shaft and appliances, at a heavy expenditure of time and money. Other matters are stated in the affidavits of the defendants—as, e. g., certain facts alleged in excuse for default in payment, the irreparable damage that would be done to the defendant corpora-

tion by closing its mine, that it had not taken any ore from the Marryatt mine since its default in payment (which is not denied), and that it had no intention of doing so, etc.; but these we do not deem it necessary to consider.

It is quite clear that, upon the facts alleged in the complaint, the court was justified in restraining the defendant "from taking and removing . . . . gold and gold-bearing earth and rock" from the mine. Nor was its discretion to maintain the injunction affected by the facts disclosed by the affidavits. (2 Beach on Injunctions, secs. 1167 et seq., 1171, 1172, 1175.) But an injunction in an ejectment suit to restrain the defendant "from entering upon" the land sued for, or "from in any manner trespassing thereon," is a contradiction in terms, and therefore meaningless. For, in the technical sense of the words, one cannot enter or trespass on land of which he is already in possession. Nor can the defendants be restrained from "working" thereon, provided they do not commit waste.

The contention of respondent that under the express terms of the contract the land was to revert to him, on default, with all improvements, etc., cannot on this appeal be considered. Whether, upon the facts to be disclosed on the trial, the land shall so revert, and whether the plaintiff shall be restored to the possession, are questions to be determined at the final hearing. In the meantime, all that plaintiff is entitled to is that the defendants be restrained from extracting and removing ore from the mine, or from committing waste. In all other respects they are entitled, pending the suit, to use the mine as their occasions may demand.

We advise that the order appealed from be reversed and the cause remanded, with directions to the court to modify the injunction heretofore issued in the case as indicated in this opinion.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded, with directions to the court to modify the injunction heretofore issued in the case as indicated in this opinion.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.