GARTH LUMBER & SHINGLE CO. *v.* JOHNSON.

APPEAL AND ERROR — APPEALABLE ORDERS — PRELIMINARY IN-JUNCTION.

> Where a preliminary injunction is granted against riparian proprietors restraining them from interfering with complainants' operations in recovering and sorting stranded and sunken logs, the bill asserting the right to go upon defendants' land as incident to the right of navigation and by authority of Act No. 189, Pub. Acts 1905, the granting of the preliminary injunction, which is the entire effective relief desired, is a determination of the validity of the right asserted by the bill, and the order granting it is appealable, though there has been no motion to dismiss or modify the injunction, and no plea, answer, or demurrer filed.

Bill by the Garth Lumber & Shingle Company and others to restrain Ole Johnson and others from interfering with complainants' sorting logs and other forest products in a navigable stream. From an order granting a temporary injunction, defendants appeal: On motion to dismiss the appeal. Submitted October 8, 1907. (Calendar No. 22,380.) Denied November 5, 1907.

*F. D. Mead*, for the motion.

*A. H. Ryall*, contra.

PER CURIAM. Upon filing the bill of complaint a temporary injunction was granted, restraining defendants, who are riparian proprietors, from interfering with complainants and their employés, engaged in sorting logs and other forest products in a navigable stream, from interfering with such entry upon and such use of the premises of defendants as is necessary in removing and reclaiming logs which have drifted or been forced to and upon defendants' lands. Without moving to dissolve or to modify the injunction (it is claimed it is, in any event, too

broad) and without filing demurrer, plea, or answer to the bill of complaint, defendants appealed to this court from the order granting the injunction. Complainants have moved to dismiss the appeal.

Complainants assert that the right to go upon lands abutting upon streams navigable for floating logs for the purpose of removing and reclaiming property attached to or cast upon the banks of the stream in the operations of driving and sorting timber, is one necessarily incident to the navigation of the river; that interference by the land-owners with the exercise of that right is unlawful. They rely also upon the statute, Act No. 189, Pub. Acts 1905. Defendants say that no such right exists, that the statute referred to is unconstitutional, and that in restraining them from exercising complete dominion over their property the merits of the controversy are necessarily determined. *Barry* v. *Briggs*, 22 Mich. 201; *Toledo, etc., R. Co.* v. *Detroit, etc., R. Co.*, 61 Mich. 9; *Lewis* v. *Campau*, 14 Mich. 458. The facts that forest products lying in the stream are worth $100,000, and that logs of the value of $20,000 are stranded at different points along the shores, and that the complainants offered and the court required a bond to be given to secure payment of any damages which might be awarded to defendants, are not, as to the point to be determined, material. Complainants have set out in the bill the right in which they apply for relief by injunction. If, upon the showing which they make, they are not entitled to permanent relief, they are not entitled to the temporary relief granted. The granting of the preliminary injunction, which is the entire effective relief desired, was a determination of the validity of the right asserted by complainants, and the order granting the injunction was an appealable order.

The motion to dismiss the appeal is denied.