[S. F. No. 4766. In Bank.—August 27, 1910.]

## ARTHUR M. FLOOD, Appellant, v. E. L. GOLDSTEIN COMPANY et al., Respondents.

APPEAL—ORDER BASED ON CONFLICTING AFFIDAVITS—PRESUMPTION.—In the consideration of an appeal from an order made upon affidavits, if there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be taken as established.

PRELIMINARY INJUNCTION—DISSOLUTION—DISCRETION OF TRIAL COURT. —The issuance of a preliminary injunction and the dissolution thereof on motion, are matters resting in the sound discretion of the superior court having jurisdiction of the action.

ID.—WRONGS ALREADY PERPETRATED WILL NOT BE ENJOINED.—As a general rule, rights already lost and wrongs already perpetrated cannot be corrected by injunction, and the party aggrieved must seek some other remedy for redress.

ID.—TENANT OF ROOM IN HOUSE—DESTRUCTION OF HOUSE BEFORE SEEKING INJUNCTION.—A tenant of a single room in a house is not entitled to the continuance of a preliminary injunction, so as to

restore the possession of the room to him, if at the time he applied for and obtained the injunction he had already been dispossessed of the room, and the house had been practically destroyed, and his. term would expire by limitation before he could obtain a judgment establishing his right of possession.

ID.—MOTION TO DISSOLVE INJUNCTION—WAIVER OF DEFECTIVE NOTICE.— Where a notice of motion to dissolve a preliminary injunction issued against several defendants failed to specify the particular defendant who proposed to present the motion, the irregularity is waived,. by the plaintiff's appearance by counsel, in response to the motion,. and submitting his own affidavit in opposition thereto, without making any objection on the hearing that the notice was defective or irregular. Such conduct was also a waiver of the objection that the grounds of the motion were not set forth in the notice.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving a preliminary injunction. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, H. M. Owens, and Frank J. Hennessy,. for Appellant.

Manson & Ackerman, for Respondents.

SHAW, J.—This is an appeal from an order dissolving a preliminary injunction. The order was made upon the complaint and affidavits filed in behalf of the defendants and counter affidavits filed on behalf of the plaintiff.

In the consideration of an appeal from an order made upon affidavits, "if there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established." (*Doak* v. *Bruson,* 152 Cal. 19, [91 Pac. 1002], and cases there cited.)

The restraining order enjoined the defendants from wrecking and removing the building upon a certain lot described, and from excavating and removing the soil under and around the building and from removing the plaintiff's implements and furniture from the building. The lot belonged to the E. L. Goldstein Company. The defendant, H. H. Yard, was the lessee thereof under a lease extending to May 31, 1907. Plaintiff, on July 7, 1906, became a sub-tenant of Yard, of one room in the building, under an agrement which he claimed.

was a lease of that room from that date to May 31, 1907, at a rental of fifty dollars per month, payable in advance on the first day of each month, and which Yard claimed created a tenancy from month to month only. Arrangements were made in September, 1906, by the Goldstein Company with other defendants, in pursuance of which it was proposed to cancel the lease to defendant Yard, remove the building from the lot and erect a large hotel building thereon. Notice was given by Yard to the plaintiff on September 14, 1906, that from and after October 1, 1906, the rental of the room he occupied would be one thousand dollars per month. On October 1, the plaintiff having refused to pay the increased rent, Yard served upon him a notice to quit and deliver up the possession of the room within three days. Plaintiff refused to yield possession. Thereafter, about November 1, 1906, the Goldstein Company began preparations for the erection of a new building and for the destruction and removal of the old building. Excavation was begun for the basement of the new building and continued until the ground was excavated in front of the old building to a depth of six to eight feet below the street level. About November 17th the destruction of the old building was commenced. The water-pipes and gas-pipes were disconnected, possession was taken of the entire building, the floors of nearly all the rooms were taken up, and the attic story of the house and a large part of the roof, and all the doors in the house were removed. The greater part of this destruction took place on November 18, 1906, and on that day all of the property of the plaintiff was removed from the room formerly occupied by plaintiff, the agents of said company took possession of that room, and took up and removed the floor and windows, leaving it obviously uninhabitable, and completely ousting the plaintiff from possession. The following day, November 19th, the plaintiff began the action for an injunction and obtained the aforesaid preliminary restraining order, without notice to the defendants.

The issuance of a preliminary injunction and the dissolution thereof on motion, are matters resting in the sound discretion of the superior court having jurisdiction of the action. (*Bigelow* v. *Los Angeles*, 85 Cal. 618, [24 Pac. 778] ; *Patterson* v. *Supervisors*, 50 Cal. 344.) "As a general rule courts of equity will not interfere by preliminary injunctions to change

the possession of real property, the title being in dispute."
(*San Antonio W. Co.* v. *Bodenhamer,* 133 Cal. 251, [65 Pac.
472]; *Richter* v. *Kabat,* 114 Mich. 579, [72 N. W. 600].) In
*Delger* v. *Johnson,* 44 Cal. 184, the plaintiff sued to obtain an
injunction to prevent a threatened waste, consisting of the
opening of a public street through his property. A prelim-
inary injunction was held to have been properly dissolved
upon a showing that the opening of the street had been fully
completed one day before the order of injunction was made.
"No court can, by a preliminary *ex parte* order or process,
turn even a wrong-doer out of possession." (*People* v. *Simon-
son,* 10 Mich. 337; *Tawas* v. *Iosco Circuit Judge,* 44 Mich. 482,
[7 N. W. 65]; *Toledo etc. Co.* v. *Detroit etc. Co.,* 61 Mich. 11,
[27 N. W. 715]. See, also, *Felton* v. *Justice,* 51 Cal. 529;
*Raffetto* v. *Fiori,* 50 Cal. 363; *Williams* v. *Long,* 129 Cal. 229,
[61 Pac. 1087]; *Gardner* v. *Stroever,* 81 Cal. 151, [22 Pac.
483].) "It is a general rule that rights already lost and
wrongs already perpetrated cannot be corrected by injunction,
and that the party aggrieved must seek some other remedy for
redress." (16 Am. & Eng. Ency. of Law, 362; *Gardner* v.
*Stroever,* 81 Cal. 151, [22 Pac. 483].)

From these authorities it is clear that the preliminary in-
junction should not be used to restore the possession of the
room to the plaintiff. If, under the lease he claimed to have
taken, he was entitled to possession for the remainder of the
alleged term, he would have the right to enjoin the destruction
of the premises by a person who had wrongfully ousted him,
until he could regain possession in a proper action, or until
his term ended. But it is plain that this right, under the
circumstances here shown, could be of no substantial benefit
to him. The house was completely dismantled, the roof was
gone, the doors, windows, and floors removed, and access to it
was rendered difficult, if not dangerous, by the excavation.
The injury was done; the house, so far as its use for his pur-
poses, that of a dental office, was concerned, was already
practically destroyed. The plaintiff's term, if he had any,
would run but six months longer. It does not appear that he
had begun or was about to begin any suit for possession.
Indeed, one of the main points made in his behalf in the pres-
ent case is that the plaintiff still held partial possession and
that the injunction is maintainable to *protect* his possession,

this point being based on the fact that the defendants did not remove the plaintiff's furniture entirely away from the lot, but placed it temporarily in a room in the basement, thus, as counsel's theory goes, leaving him partly in possession. This theory is wholly untenable. The plaintiff neither had nor claimed a right to any part of the house except the one room, and the place where his property was deposited was as entirely out of his possession and control as if it had been in a remote part of the city. With regard to the continuance of the injunction to prevent waste, or to maintain the house and the plaintiff's property in the condition it was in when the order was made, until he could establish his right in that or some other action, it is easily seen that this would assuredly not benefit him. His term would expire before he could obtain a final judgment establishing his right. In the mean time the maintenance of the property in the condition in which it was at the time the action was begun would· be of no benefit to any one, it being left utterly uninhabitable, and the delay would injure the defendants, preventing them from erecting the contemplated building and depriving them of any beneficial use of the property while the litigation was in progress. The issuance of a mandatory injunction compelling the defendant to restore the plaintiff's room to a habitable condition or to give him undisturbed possession and access thereto, would have been equally injurious to the defendants and it would amount to an adjudication of the rights of the parties in advance of a trial and without a hearing. Furthermore, no such relief as this was demanded nor did the order of injunction which was vacated contain any such mandate. All these conditions were proper matters for the consideration of the trial court in the exercise of its discretion in the decision of the motion to dissolve the order. We are of the opinion that, under all the circumstances, the granting of the motion was not an abuse of discretion.

There is no merit in the point that the notice of motion to dissolve the injunction did not specify the particular defendant who proposed to present the motion. It sufficiently appears that the defendant E. L. Goldstein Company, was the real party in interest and that the appearance was on its behalf, if not for the others. The plaintiff appeared by counsel, in response to the motion, and submitted his own

affidavit in opposition thereto, without making any objection to the hearing of the motion on the ground that the notice was defective or irregular. This was a waiver of the irregularity complained of. It was also a waiver of the additional objection that the grounds of the motion were not set forth in the notice. They were clearly disclosed in the affidavits filed in support of the motion.

The order is affirmed.

Angellotti, J., Henshaw, J., and Lorigan, J., concurred.