[S. F. No. 5778. Department Two.—July 16, 1912.]

## LAGUNITAS WATER COMPANY (a Corporation), Appellant, v. MARIN COUNTY WATER COMPANY (a Corporation), et al., Respondents.

Injunction—Discretion in Granting Preliminary Injunction—Irreparable Injury.—A preliminary injunction is not a matter of right. An application therefore, on the ground that unless it were granted the plaintiff would suffer great and irreparable injury, is addressed to the discretion of the court, and in denying it the court does not necessarily determine anything as to the merits of the main controversy. It may conclude that from the evidence produced on the application it does not appear that pending a trial any possible injury can result to the plaintiff, and may decline to grant an injunction until after the trial of the cause.

Id.—Diversion of Water—Refusal to Grant Preliminary Injunction to Riparian Owner—Absence of Injury.—It is not an abuse of discretion for the trial court to refuse to grant a preliminary injunction, at the instance of a riparian proprietor, to restrain the diversion of the waters of a stream, if the only injury which the plaintiff claimed it would suffer pending the trial was that a tenant of its property would be deprived of water for the use of his cattle, and the showing made by the defendant on the hearing of the application warranted the conclusion that no such injury would result.

APPEAL from an order of the Superior Court of Marin County denying an application for a preliminary injunction. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

A. E. Shaw, for Appellant.

Jesse W. Lilienthal, for Respondents.

LORIGAN, J.—This is an appeal by plaintiff from an order denying its application for an injunction *pendente lite* and dismissing the order to show cause why it should not be issued.

The application for the order was heard upon the complaint and affidavits produced on both sides.

The complaint alleged that plaintiff is the owner of an undivided one-third interest in a tract of land known as the

Berry Ranch in Marin County (particularly described in the complaint) and that said tract is riparian to a natural watercourse known as Lagunitas Creek; that said creek rises upon the slope of Mount Tamalpais, flows thence in a northerly direction into the Lagunitas Reservoir owned by defendants, and thence through the premises of plaintiff for about seven miles; that the water of this creek at and above the easterly boundary line of the premises of plaintiff flows continuously during the year until the late dry season, when the waters thereof above said point sink and flow underground, coming to the surface again upon the premises of the plaintiff; that said creek, by itself and its tributaries, carries all the waters falling upon the watershed thereof east of the boundary line of the plaintiff, and all said waters falling upon said watershed are accustomed to flow in the channel of said Lagunitas Creek in well defined channels or tributaries thereof which join said Lagunitas Creek above where it enters the land of plaintiff at the eastern boundary thereof and upon and through the said premises of plaintiff; that said defendants have no right to the waters of said Lagunitas Creek other than the right to impound a sufficient quantity of said waters to fill said reservoir, known as the Lagunitas Reservoir, above referred to, which is situated near the headwaters of said creek; that defendants threaten to and will divert from said creek other waters than the said waters to which they are entitled as aforesaid unless restrained by decree of court.

It is then alleged generally that plaintiff has been greatly damaged and will be irreparably injured by the diversion of said waters by defendants.

A decree was asked establishing the right of plaintiff to the waters of said creek as a riparian owner; that defendants by final decree be perpetually enjoined from making such diversion or interfering with such right, and for a restraining order *pendente lite.*

On filing the complaint and an affidavit on behalf of plaintiff, an order to defendants to show cause why an injunction *pendente lite* should not issue was made. On the hearing thereof affidavits were presented on behalf of the respective parties. Those on behalf of plaintiff tended to support the allegations of the complaint, and averred that the particular method of diversion contemplated and threatened by defend-

ants was the construction of a dam to bedrock across the creek near the eastern boundary of the lands of plaintiff for the purpose of impounding the waters of the creek, the effect of which construction, it was claimed in the affidavits. would be to prevent the flow of the water of the creek in its accustomed channel below the dam and on and through the premises of plaintiff.

The affidavits on behalf of defendants denied that the construction of the proposed dam was intended to or would divert any of the water of the Lagunitas Creek or its tributaries, or other waters than storm or freshet waters; averred that the Lagunitas Creek was not a living stream except during the winter or freshet season, and that shortly after the cessation of rains said creek above the site of the proposed dam became wholly dry; denied that any water of the Lagunitas Creek, at or above the point where the dam is proposed to be constructed, sinks or flows underground or comes to the surface on the land of plaintiff, but in fact that such waters as come to the surface on said land come from living springs thereon, the waters of which flow into the Lagunitas below the proposed dam site; further averred that if the waters above the dam were impounded there would still be at all times a sufficient water supply from the feeders upon the Berry Ranch to provide all the water for domestic. culinary, or irrigation purposes to which the owners thereof were entitled by virtue of their riparian rights.

In addition to affidavits of persons having official connection with the corporations plaintiff and defendant, there were also presented on behalf of either side the affidavits of expert civil and hydraulic engineers, who had examined the proposed dam site and the locality and water conditions surrounding it. Those offered by plaintiff supporting its claim that the watershed above the proposed dam site drained into the channel of the Lagunitas or into channels of streams tributary thereto and sunk, flowed underground and came again to the surface on the land of plaintiff, and that the construction of said proposed dam would cut off such flow through said lands, while those produced on the part of the defendants flatly denied the existence of any such conditions, or that the proposed dam could have that effect.

In addition, defendants offered in evidence a conveyance made in 1871 by the predecessors in title of plaintiff to the defendant The Marin County Water Company, of certain tracts of land, one of which, designated and described as "The Fish Gulch Tract," was conveyed in fee. The other tracts were conveyed for a term of ten years, with the right, however, granted to said water company, for a period of fifty years, to divert and appropriate all waters flowing on the described tracts or in gulches or creeks therein. It was aserted by defendants that the waters which they intended to impound by their dam did not include any waters except such as flowed from the Fish Gulch Tract or catchment or surface waters on the tracts described in the above conveyance, and that as to those they were entitled to divert or impound them under the deed.

It is proper to say as to this deed, appellant claimed that it did not convey the lands where defendants contemplated constructing their dam, nor confer any rights to divert the water at that point.

Upon a hearing the only damage or injury which it was claimed plaintiff would sustain, unless defendants were restrained during the pendency of the action, was with respect to a tenant of plaintiff who had rented and was in possession of a portion of the land of plaintiff for dairy purposes and had about eighty head of cattle on the premises. It was averred as to such tenant that during the dry months of the year, from about July to December, he depended upon the waters of the Lagunitas Creek flowing through the dairy premises for his stock, and that if the construction of the proposed dam was not restrained said tenant would be deprived of the use of said waters for such purpose. It was not claimed that any of the waters of the creek were being used, or ever had been used, to irrigate any of the lands of the plaintiff, or for any other purpose than watering cattle.

Respecting this claim, the showing on the part of defendants was that this tenant of plaintiff never at any time depended upon the waters of the Lagunitas Creek flowing above the proposed dam site for watering stock, or for any other purpose; that four springs arose on the land of plaintiff, each running a large volume of water all the year around, which flows into the Lagunitas Creek on the land of plaintiff below

the proposed dam site, and furnishes and always has furnished more than sufficient water to supply the cattle of said tenant, or any cattle which the lands of plaintiff could maintain; that, in addition, two streams, flowing all the year around, the waters of which would not be impounded by the proposed dam of defendants, empty into the Lagunitas Creek on the lands of plaintiff, either one of which is sufficient to supply water for all the cattle that could be maintained on the premises.

We refer to this evidence produced on both sides at the hearing for the preliminary injunction, to show that the essential facts stated in the complaint, upon which plaintiff based his right of action, as well as all the material facts in support thereof, contained in the moving affidavits, as well as the matter of the injury which it was claimed would be sustained by plaintiff during the pendency of the action, were denied and disputed by counter-affidavits on the part of the defendants.

Counsel for appellant, on the assumption that the superior court, in denying the application for the temporary injunction, did so by deciding against appellant on the merits of the case, discusses at length the affidavits addressed to them on the hearing and the law respecting the right of a riparian owner to enjoin the threatened diversion of a natural watercourse, whether he has present use for the waters thereof or not, and aside from any question whether present injury may accrue to him thereby.

But on the hearing of this motion it was not necessary for the superior court, in order to warrant a denial by it of the motion of plaintiff, to pass upon the merits of the case. The court may have concluded as the essential facts were so clearly in dispute and the right of plaintiff to any relief in doubt under the showing on the preliminary hearing, that it would decline to grant any injunction at all until the trial on the merits. It is to be borne in mind that the matter from which this appeal is taken was an application solely for a temporary injunction pending the trial of the cause, on the ground that unless it was so granted plaintiff would suffer great and irreparable injury. But a preliminary injunction is not a matter of right. It is addressed to the discretion of the court. In denying it the court does not necessarily determine any-

thing as to the merits of the main controversy. It may conclude that from the evidence produced on the application for a preliminary injunction it does not appear that pending a trial any possible injury can result to the plaintiff, and may decline to grant an injunction until after the trial of the cause. Here the only injury which it was claimed by plaintiff it would suffer pending the trial unless the preliminary injunction was granted was that a tenant of its property would be deprived of water for the use of his cattle. The showing on the part of the respondents was that no such injury would be suffered, as the plaintiff had an abundant supply of water on the ranch for that purpose and independent of the flow of any water in the Lagunitas Creek or from its alleged tributaries. It must be assumed that the court found that this only claim of plaintiff to injury during the pendency of the trial was unfounded and so declined to award any injunction until upon the final hearing.

This it was clearly in the discretion of the court to do.

As said in *Santa Cruz Assoc.* v. *Grant*, 104 Cal. 309, [37 Pac. 1035]: "The granting of a preliminary injunction is not a matter of right, but the application is addressed to the sound discretion of the court, which is to be exercised according to the circumstances of the particular case; and its action upon such application will not be reviewed in the appellate court unless it shall clearly appear that there was an abuse of its discretion."

In that case the court quoted with approval the language of Chancellor Walworth from a case cited therein that: "There are many cases in which the complainant may be entitled to a perpetual injunction on the hearing, where it would be manifestly improper to grant an injunction *in limine*. The final injunction is in many cases matter of strict right, and granted as a necessary consequence of the decree made in the case. On the contrary, the preliminary injunction before answer is a matter resting altogether in the discretion of the court, and ought not to be granted unless the injury is pressing and the delay dangerous."

As under the evidence the court was warranted in concluding that no injury could occur to plaintiff pending the trial

on the merits, there was no abuse of discretion in refusing to grant the application of the plaintiff.

The order appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.