[Civ. No. 4326.   Second Appellate District, Division Two.—February 21, 1924.]

HUENEME, MALIBU AND PORT LOS ANGELES RAILWAY, Appellant, v. A. B. FLETCHER et al., Respondents.

[1] INJUNCTIONS—DOUBTFUL CASE—DENIAL OF PRELIMINARY INJUNCTION.—A preliminary injunction will not issue in a doubtful case; and in this action by a railway company to enjoin the construction of a state highway over a strip of land which plaintiff claimed as a right of way, the trial court was amply justified in refusing a preliminary injunction on the ground that it was doubtful what the outcome might be upon a final hearing of the cause.

[2] Id.—Discretion of Trial Court—Appeal.—A preliminary injunction may not be had as a matter of right, but the question whether such an injunction shall be granted or refused rests in the sound discretion of the trial court; and the action of the trial court will not be reversed where the appellate court is not able to say that there was an abuse of discretion by the trial court.

APPEAL from an order of the Superior Court of Los Angeles County denying a preliminary injunction. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan Newby and Grant Jackson for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondents.

WORKS, J.—On November 24, 1906, one Joseph H. Call and his wife conveyed to plaintiff a strip of land sixty feet wide across their rancho as a right of way for a railroad. No construction work was ever done upon this right of way. Ten years later Call and his wife deeded to the county of Los Angeles a strip across the rancho, also sixty feet wide, as a right of way for a highway. Nearly fifteen years after the deed to plaintiff the Calls conveyed to the state of California a strip across the rancho eighty feet wide as a right of way for a state highway. The parcels conveyed by these three deeds, except for the greater width of the parcel last conveyed, are practically coterminous and coincident with each other, although each departs from each of the others occasionally along the side lines. The deed to the state recites that it is "subject to any right of way heretofore conveyed by the grantors to" plaintiff. After the conveyance to the state the strip described in its deed was entered upon by defendants, under authority of the state, for the purpose of constructing a state highway along it. Entry was at the same time made upon the parcels formerly conveyed by the Calls to plaintiff and to the county, this being so necessarily because of the practical identity of the three pieces. Defendants then commenced and thereafter for some time prosecuted the work of constructing a state high-

way along and over the ground covered by the three rights of way, in so far as they are identical. The entry upon the property was made and the construction work was prosecuted without the commencement of any proceeding in eminent domain for the purpose of condemning any interest which plaintiff may yet retain under the deed of 1906. This action was commenced for the purpose of enjoining defendants from taking plaintiff's property in the right of way described in the deed last mentioned without authority of law and, particularly, without the commencement of a suit in eminent domain for the purpose of condemning it. Upon the filing of the complaint the trial court issued its restraining order against defendants, accompanied by an order to show cause why a preliminary injunction should not issue. Upon the hearing pursuant to this order to show cause the court made its order refusing a preliminary injunction. From this order plaintiff appeals.

The supreme court, in the recent case of *Jacobsen v. Superior Court,* 192 Cal. 319 [29 A. L. R. 1399, 219 Pac. 986], has enunciated the rule that real property cannot be taken from its owner for a public use without condemnation proceedings. Appellant argues the present appeal as if the question passed upon in the opinion cited were the question presented here, but such is not the case. It is true that a right of way was conveyed to appellant in 1906. It is true that the later deed to the state was subject to the deed of 1906. It is not true, however, that the record shows any present title in appellant under the deed of the year named, or otherwise. The alleged title of appellant is put in issue directly under the pleadings. To the averment in the complaint that appellant is the owner of the right of way conveyed by the deed of 1906 respondents interpose direct denial. The question of title in the appellant is therefore in dispute in the case. Not only so, but all the other equities of the complaint are also denied. Except for the allegation as to appellant's title, the only equities set forth in that pleading are contained in a paragraph which reads: "Before the commencement of this action, defendants, without plaintiff's consent and against its will, entered in and upon the property of plaintiff herein described and commenced the construction thereon and thereover of a road for public highway purposes, and defendants are now engaged in con-

structing over and across this property a public road for
state highway purposes, and in the construction of such
road will take and appropriate the larger portion thereof,
the exact quantity of which defendants propose to and will
take is unknown to plaintiff; that such portions as are
not taken will be segregated from the portion taken and
will be damaged to such extent that it will be of no value.''
Responsive to this allegation is the following paragraph of
the answer: ''Deny that prior to the commencement of
this action said defendants or either of them, without plain-
tiff's consent and against its will, or without plaintiff's con-
sent or against its will, entered in and upon said property
alleged therein as belonging to said plaintff, or that any con-
struction whatsoever was or is without said plaintiff's consent
and against its will or without plaintiff's consent or against
its will; deny that said defendants or either of them are
engaged in constructing over and across said property, a
public road for highway purposes with exception of a por-
tion thereof, and deny that in the construction of such
road said defendants or either of them will take and ap-
propriate or take or appropriate any portion thereof belong-
ing to said plaintiff; deny that any portions of said property
so described will in any manner whatsoever damage said
plaintiffs or that any damage will result therefrom at all.''
The answer also contains various affirmative allegations
which form a basis for the showing made by respondents,
by affidavits, at the hearing under the order to show cause.

At the hearing various affidavits were presented in sup-
port of the contentions of the respective parties to the
action.    When added to the state of the pleadings, some of
the matters set forth in the affidavits are distinctly worthy
of note.    It appears from the affidavits offered upon the
part of respondents that the entry of the latter upon the
right of way was made by means of a large body of men,
equipped with heavy road-building machinery, including a
steam shovel; that the entry was made eight weeks before
any notice or protest to respondents from appellant and
that during that time respondents openly and notoriously
proceeded with construction work on the proposed state
highway, with the expenditure thereon of considerable sums
of money; that since 1916, or for a period of more than
five years, the county of Los Angeles had, without protest

from appellant, maintained a highway across the Call rancho upon a strip of land practically coincident with the rights of way granted by Call and his wife to appellant, to the county and to respondents, and that the highway had been constantly and extensively used during that time by the general public by means of hundreds of vehicles; that during that period the highway maintained by the county had been used by no person or corporation other than the county of Los Angeles and the general public, and that from 1905 to 1916 the general public had continuously and uninterruptedly used, for purposes of travel, a road across the Call rancho over the ground occupied by the highway maintained by the county since 1916. The affidavits presented by appellant show that it was the ultimate intention of appellant to build a railroad along the railroad right of way across the Call rancho, thence across the Rancho Malibu into Ventura County; that appellant had expended a sum in excess of three hundred thousand dollars in the acquisition of rights of way, surveys, construction of roadbeds, laying of ties and rails, in the prosecution of its railroad enterprise; that the right of way occupied by respondents was necessary in order to enable appellant to construct its railroad; that appellant has been unable to complete its railroad because of the late war, but that it intends to do so at the earliest possible time; that the roadway traveled by the general public from 1905 forward and maintained by the county of Los Angeles from 1916 forward was originally constructed by the individual who afterward organized appellant and who owned practically all the shares of its stock, and that the maintenance of the road by the county was permissive on the part of plaintiff.

Upon the facts thus averred in the pleadings and sworn to in the affidavits, respondents make the following points, omitting two later to be mentioned: 1. "A temporary injunction will never be granted to disturb and interfere with a public road which has already been completed before the injunction was asked." This point is based upon the fact that a highway has been maintained practically along the three rights of way since 1905 and has been used uninterruptedly by the general public since that year. 2. "An injunction will never be granted against the continuance of a public road, where there is proof that for more than five

years there has been user over the entire property sought
to be enjoined." 3. "A temporary injunction will never
be granted where the plaintiff has stood idly by and allowed
defendant to expend labor and money which would all be lost
if the injunction is granted, especially when the defendant
has a speedy and adequate remedy at law." 4. "An in-
junction will not be granted to oust a party from possession
under a claim of right where the plaintiff can sue in eject-
ment." 5. "An injunction will never be granted where
plaintiff has lost right of way in the premises by reason of
nonuser or abandonment, and the plaintiff is estopped from
claiming any such right by lack of equity or its laches."
6. "An injunction will never be granted where irreparable
injury will be done to the defendants if the work attempted
to be enjoined be stopped."

We shall make no attempt to pass upon any of these six
points. We state them for the purpose of showing the
nature of the controversy present in the litigation and as a
preface to the brief consideration of the two remaining
questions presented by respondents and upon which we shall
make disposition of the appeal.

[1] It is well settled that a preliminary injunction will
not issue in a doubtful case. "The rule has been frequently
laid down broadly that a preliminary injunction will not
issue where the right which the complainant seeks to have
protected is in doubt, where the right to the relief asked
is doubtful, or except in a clear case of right" (32 C. J. 36).
This rule is well recognized in this state. (See *San Antonio
Water Co.* v. *Bodenhamer,* 133 Cal. 248 [65 Pac. 471];
*Willis* v. *Lauridson,* 161 Cal. 106 [118 Pac. 530].) Upon
a consideration of all the matters of fact and of law which
we have stated above it appears to us that the trial court
was amply justified in refusing the preliminary injunction
on the ground that it is doubtful what the outcome may be
upon a final hearing of the cause.

[2] It is also a settled proposition of law that a pre-
liminary injunction may not be had as a matter of right,
but that the question whether such an injunction shall be
granted or refused rests in the sound discretion of the court
(*Flood* v. *Goldstein Co.,* 158 Cal. 247 [110 Pac. 916]; *La-
gunitas Water Co.* v. *Marin County Water Co.,* 163 Cal. 332
[125 Pac. 351]). In the present instance we are far from

being able to say that there was an abuse of discretion by the trial court in making the order which is the subject of the appeal.

Order affirmed.

Finlayson, P. J., and Craig, J., concurred.