[Civ. No. 15994.   First Dist., Div. One.   Oct. 11, 1954.]

LUCIA M. McCOY, Appellant, v. PETER M. MATICH et al., Respondents.

Donald B. Richardson for Appellant.

James F. Boccardo and Edward J. Niland for Respondents.

BRAY J.—Plaintiff appeals from an order dissolving a temporary restraining order.

### SOLE QUESTION PRESENTED:

Whether the trial court abused its discretion in refusing to enjoin pendente lite defendants from erecting gates across plaintiff's right of way for road purposes.

### RECORD

The complaint alleges that plaintiff and defendant* own adjoining property, that plaintiff owns an "easement and right of way for road purposes and for the installation and maintenance of public utilities, over, upon and under a strip of land 50.0 feet in width" therein described. It is then alleged that defendant had obstructed said right of way, by destroying the grade level thereof, and removing the crown of the improved road, and that he threatens to "maintain a guard, barricade or fence of heavy steel" whereby plaintiff and all others using the right of way will be prevented from enjoying said right of way. It prays that defendants be enjoined from permitting any such barricade to be on the premises and that defendants be required to remove it.† A cause of action to quiet plaintiff's title to the right of way and one for damages for loss of lateral support of soil due to an alleged excavation on plaintiff's land are included. Plaintiff also filed an affidavit for a temporary restraining order. An order to show cause and a temporary restraining order restraining defendants from obstructing the right of way were granted ex parte. The hearing apparently was had on the complaint and affidavit only, as defendant, although resisting the application, filed no pleadings. The court dissolved the temporary re-

---

*"Defendant" refers to Matich. Cyclone Fence Company is joined because it is alleged that it has contracted with defendant to construct the gates in question.

†Actually no barricade has been erected. While the complaint refers to "barricade" the affidavit hereafter mentioned, the court's opinion, and the briefs, show that "gates" only are involved.

straining order ''except as to any excavation contemplated by defendant which may tend to weaken the lateral support of plaintiff's property.'' No action was taken on the plaintiff's application for a preliminary injunction (presumably, no action constitutes a denial).

### DISCRETION

Both parties quote the rule stated in *Kendall* v. *Foulks*, 180 Cal. 171, 174 [179 P. 886]: ''It is a rule so universally followed and so often stated as to need only to be referred to that the granting, denying, dissolving, or refusing to dissolve a preliminary or temporary injunction rests in the sound .discretion of the trial court upon a consideration of all the particular circumstances of each individual case.''

It is further the rule that ''The discretion, however should be exercised in favor of the party most likely to be injured.'' (14 Cal.Jur. § 7, p. 180, 183; see *Riviello* v. *Journeyman Barbers etc. Union*, 88 Cal.App.2d 499, 510 [199 P.2d 400].)

With these rules in mind, let us look at the evidence before the court. As shown by the complaint and affidavit plaintiff owns the right of way in question through a deed from defendant's predecessor in interest. This deed contains a provision that it ''is made upon the express condition that the Second Party [defendant's predecessor] will bear two-thirds of the expense of maintaining the . . . right of way.'' The right of way runs through defendant's land from the common boundary 266.34 feet and thence 248.80 feet through the land of a third party, not here involved, to the center of Gish road. Defendant intends erecting a gate at either boundary on the right of way on his land. According to the map attached to the complaint plaintiff's land has a frontage on Bayshore Highway. Plaintiff's property is industrial in use, portions being leased to, among others, two chemical companies and an oil company. Plaintiff alleges that all of her tenants carry on both wholesale and retail business activities and serve large numbers of customers, as business invitees on plaintiff's premises, and that said customers use the right of way for ingress and egress to the respective places of business on those premises; that the tenants' operations will be hampered and the right of the invitees to enter restricted, causing immediate financial loss to plaintiff and the tenants; that it is necessary that they use the right of way because plaintiff's land has only one other entrance thereto, Bayshore Highway, which is a divided highway at the entrance way to plaintiff's property; that obstruct-

ing plaintiff's right of way will cause plaintiff to lose large rentals, will increase the fire hazard to the buildings and structures on plaintiff's property, because it would prevent fire apparatus from crossing the right of way in an expeditious and prompt manner. Plaintiff's tenants handle hazardous liquids, chemicals and hydrocarbons which may ignite at any time.

Apparently, the parties considered as one of the main issues to be determined on the question of the continuance of the restraining order, whether under the deed as made the defendant had the right to erect gates at all. Both parties devote considerable of their briefs to this question. Likewise, the court devotes most of its opinion to the subject, although it made no formal finding on it. ██ It is not necessary on the question of issuing an injunction pendente lite to determine the ultimate rights of the parties as to gates unless it clearly appears that under no circumstances would defendant be entitled to maintain gates. ██ As said in *Lagunitas W. Co.* v. *Marin County W. Co.*, 163 Cal. 332, 336 [125 P. 351]: The court "may conclude that from the evidence produced on the application for a preliminary injunction it does not appear that pending a trial any possible injury can result to the plaintiff, and may decline to grant an injunction until after the trial of the cause." ██ That defendant's right to maintain gates could be a debatable question is shown by the rule set forth in 73 American Law Reports 779, and quoted by the court in its opinion: "It may be laid down as a general rule that the grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from doing so, and unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way, if they are constructed so as not unreasonably to interfere with the right of passage." Tiffany, The Law of Real Property, 3d ed., section 812, points out that in the absence of any express language in the grant bearing upon the question of the right to maintain gates "the courts ordinarily treat it as a *question of fact* whether gates . . . will unreasonably interfere with the exercise of the easement . . ." (Emphasis added.) Although the trial court seemed to believe that under the deed, defendant is not restricted from erecting gates, such belief, stated in its opinion, is in nowise a formal finding or binding as to the ultimate determination

of that question. For that reason, and because we feel that the court did not abuse its discretion in holding that plaintiff would not be greatly injured by the limited use of gates pendente lite, we see no reason to pass upon the effect of the deed. Whether or not defendant has the right to erect gates at all will be a matter for the ultimate determination of the trial court after answer filed and a trial had.

We do not believe the record shows as a matter of law that plaintiff will be appreciably injured by the erection of gates pendente lite. Moreover, the court stated in its opinion that "defendant intends to install gates in such fashion that they will not be locked at any time but merely closed during the night and on holidays." While the record includes no evidence to support this statement, plaintiff does not challenge it, and at oral argument it was stipulated that the trial court's action was based partly upon the defendant's assurance that defendant's intention is as stated in the opinion. The slight inconvenience of opening gates at nights and on holidays does not compel a finding by us that the court abused its discretion. Even the fire department, in case of fire on those occasions, would not be hindered unduly. As pointed out by the court, plaintiff has another entrance to her property. Even though Bayshore Highway is divided in front of the property, it is not claimed that plaintiff's property does not have access to that highway. Nor would the limited closing of gates proposed interfere with the "installation and maintenance of public utilities . . ." Although plaintiff's complaint alleged conclusions of great financial loss to her from the obstructing of the road, these allegations contemplated a greater restriction of the use of the road than unlocked gates closed only at night and on holidays. Hence, the failure of defendant to deny these allegations did not make the court's action an abuse of discretion.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.